ARTEMAS H. HOLMES, executor & trustee, *vs.* EVELYN M. DALLEY, trustee, & others.

Suffolk.   March 23, 1906. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Trust,* Precatory.   *Devise and Legacy.*   *Words,* "Wish and desire."

A will creating a trust, after providing for paying one half of the net income of the trust fund to the widow of the testator during her life, contained the following provision: "After the decease of my said wife, one half of the principal of said trust estate is to be paid over and conveyed to such person or persons, and in such proportions as my said wife shall by will appoint, but it is my wish and desire that if my wife has received from my daughter and her family the affection and respect, to which she is entitled, that she then will appoint said share of said trust estate to my daughter and her children, in such way and manner, and in such proportions, as to her may seem best — but in case my said wife shall die without making any appointment of her share of said trust estate, then the same shall be added to the share held in trust for my daughter and her children and be held upon the same trusts." The widow exercised the testamentary power by appointing her share of the fund to persons other than the daughter of her husband and the children of such daughter, and declaring that since the death of her husband she had not received from his daughter and her family the affection and respect to which she was entitled. *Held*, that the words "wish and desire" did not create a precatory trust, and therefore that the question of fact whether the appointing testatrix had received from her husband's daughter and her family the affection and respect to which she was entitled was immaterial.

LATHROP, J. This is a bill in equity by the sole executor of and trustee under the will of Angie N. Allen against Evelyn Maynard Dalley, wife of Henry Dalley, as she is the sole trustee under the will of Aaron Hall Allen, and against her children, and against Evelyn Maynard Dalley in her own right. The bill prays for a decree against Mrs. Dalley as trustee that she be ordered to pay over one half of the trust fund under the will of Aaron Hall Allen.

Aaron Hall Allen died on June 23, 1889, leaving his wife Angie N. Allen surviving him. By the first article of his will, which was duly admitted to probate in Suffolk County in September, 1889, he first devises to his wife Angie N. Allen in fee his residence in Boston. By the second article he devises to his daughter Evelyn Maynard Dalley an estate in Brooklyn, New York, for life, with remainder to her children. By the third article he bequeaths to trustees all the residue of his estate real and personal for the following uses and purposes:

1. To apply the proceeds of the sale of the personal property to the payment of the mortgage on the estate devised to his wife; and if there should be any of the proceeds of the personal property remaining, after the payment of the above mentioned mortgage, then to apply the remainder to the payment of the mortgage, " as far as may be," to the payment of the mortgage on the house bequeathed to the daughter, and if any of the proceeds of the personal property are left then to apply the same to the payment of any of the mortgages on the testator's other real estate.

The trustees are then directed to receive and collect the rents, profits and income of his real estate, and the proceeds, if any, of the real estate which the trustees might sell, and after deducting expenses, etc., to pay certain annuities. Then follow these clauses:

" 3. To pay one half the remainder of the net income of said trust estate, to my wife Angie N. Allen, during her natural life — and to pay one fourth thereof to my daughter Evelyn Maynard Dalley, during her natural life — The remaining one fourth part of said net income, is to be applied by my said trustees, to the payment of the mortgages and incumbrances on the real estate held by them in trust, in such manner as they think best, until

all said mortgages and encumbrances are paid off and satisfied, and the said trust estate is free and clear therefrom = and then said one fourth is to be paid to my daughter during her life —

"4 Fourth — After the decease of my said wife, one half of the principal of said trust estate is to be paid over and conveyed to such person or persons, and in such proportions as my said wife shall by will appoint, but it is my wish and desire that if my wife has received from my daughter and her family the affection and respect, to which she is entitled, that she then will appoint said share of said trust estate to my daughter and her children, in such way and manner, and in such proportions, as to her may seem best — but in case my said wife shall die without making any appointment of her share of said trust estate, then the same shall be added to the share held in trust for my daughter and her children and be held upon the same trusts —

"5 Fifth — After the decease of my daughter, the remaining one half of said trust estate, and in case of the death of my wife without making any appointment as provided in the preceding paragraph, then the whole of the principal of said trust estate, shall be divided equally among the children of my said daughter, the issue of any deceased child to take its parents share by right of representation — "

Angie N. Allen died on March 14, 1904, leaving a will and codicil, which were duly admitted to probate. The tenth article of her will reads as follows: "All the rest, residue and remainder of my estate, both real and personal, including my share of the principal of the trust fund established by the will of my late husband, Aaron Hall Allen, proved and allowed in the Probate Court for Suffolk County, September, 1889, over which by the provisions of said will I have the right and power of appointment, I do hereby give, devise and bequeath and in exercise of said power of appointment hereby appoint to my executors and trustees hereinafter named and the survivor of them and their successor or successors, in trust for the following uses and purposes." Then follow various legacies.

In the fifteenth article of her will she disposes of the rest and residue of her property to the plaintiff, who was her son in law, and of the trust property left her under her husband's will. She also asserts that she has not received from her hus-

band's daughter and her family the affection and respect to which she was entitled, and has therefore exercised her power of appointment.

The eighth paragraph of each of the answers alleges that Angie N. Allen at all times received the affection and respect to which she was entitled. It also charges collusion between the plaintiff and Angie N. Allen, in drawing the will so as to make it appear that she was acting in accordance with the power.

The case was reserved by a single justice of this court for our consideration, " on the terms that if the matters alleged in the eighth paragraph of the answers are competent as a defence to the plaintiff's bill, the plaintiff shall be at liberty to file a replication and the cause shall stand for trial; otherwise, a decree is to be entered for the plaintiff."

The real question in the case is whether the words " wish and desire " in the fourth clause of the will of Mr. Allen create what is commonly called a precatory trust, or whether they are merely an expression of the hope and belief of the testator.

We are of opinion that, taking the will as a whole, it was the intention of the testator to keep the trust fund together, paying over to his widow one half of the net income during her life, and that on her death one half of the principal was to be paid as she should appoint. We are further of opinion that the words " wish and desire " do not constitute a trust, but are merely an expression of a hope on the part of the testator. The question of fact sought to be raised by the defendants therefore becomes immaterial; and according to the terms of the report the plaintiff is entitled to judgment. The case in our opinion rests upon *Aldrich* v. *Aldrich*, 172 Mass. 101, and cases cited. See also *Lloyd* v. *Lloyd*, 173 Mass. 97. The case of *McCurdy* v. *McCallum*, 186 Mass. 464, relied on by the defendants, was decided on what was found to be the law of Nova Scotia, and was not based upon the decisions in this Commonwealth.

*Decree for the plaintiff.*

*W. W. Vaughan*, (*S. F. Batchelder* with him,) for the plaintiff.
*J. L. Thorndike*, (*E. R. Thayer* with him,) for the defendants.