LYDIA LAWLESS, Appellant, v. CHARLES A. KERNS.

Division Two, May 9, 1912.

1. **WILLS: Creation of Power.** A testator gave his wife a life estate, with remainders to three children, the will continuing, after provisions fixing various amounts and times of division for the shares of these children, "and if Lydia [one of the children] should marry before the death of my said wife, then it shall be at the discretion of my said wife how much my said wife shall give her." Lydia married before the death of the testator's wife. *Held*, that the will gave the wife a power to fix and set off to Lydia the amount she should have.

2. ———: **Absolute Estate: Subsequent Clause.** An absolute estate created by one clause of a will cannot be cut down by a subsequent clause, unless the language used is as clear and decisive as that of the clause creating the same.

3. ———: **Effect of Subsequent Clause on Estate Granted: Estate in Remainder: Estate in Possession.** A's will gave an estate for life to B, his wife, with remainders to C, D and E, his children, and provided further, (a) that if C, D, or E should die before reaching twenty-one, the property should descend to the other two; (b) if both of the boys, C and D, should marry leaving E, the daughter, single, then E and the last boy to marry should make an equal division after the first one had his third, leaving E the homestead; (c) if E marry after the death of the testator's wife, and after the boys reach twenty-one, she should have $1000 in valuation of the property; and (d) if E should marry before the death of the testator's wife, "then it shall be at the discretion of my said wife how much my said wife will give her." *Held*, that E's estate is not cut down by the final clause. The estate which the widow is empowered to assign her in case of marriage is of a higher character than what was previously provided. The first clause gives her a remainder in fee, the clause containing the power authorizes an appointment in fee simple in possession.

4. ———: **Powers: Execution.** A's will provided that if E should marry before the death of testator's wife, who was given a life estate in the property, then it should be at the discretion of the wife how much she would give to E. E married before the widow died. Afterwards the widow, together with

all others interested therein, deeded to E a part of the estate lands, by a deed which provided that it should be a receipt for all claims of E against the estate, but which contained no reference to the power. E has kept the deed ever since, and she took possession of the land and finally sold it. *Held*, that the deed was an effective execution of the power, and that it divested E of all interest in the estate.

Appeal from    Clinton Circuit Court.—*Hon. A. D. Burns*, Judge.

AFFRIMED.

*W. H. Haynes* and *W. S. Herndon* for appellant.

*L. F. Henry* and *Duncan & Utz* for respondent.

ROY, C.—This is an ejectment suit for the undivided half of 180 acres of land, tried in the circuit court of Clinton county, where there was judgment for defendant, and the plaintiff has appealed.

The answer admitted possession, and denied all other allegations. The case was tried without a jury.

It was agreed that John Kerns was the common source of title. He died April 14, 1877, seized of the land in controversy and other land. He left a will which was probated, the material parts of which, after providing for his other children, are as follows:

"I further give and devise to my wife Elizabeth Kerns, all my real estate situate in the counties of Clinton, Buchanan and DeKalb, and also all my personal property of every kind and nature whatsoever during her natural life.

"At the death of my said wife Elizabeth Kerns, then the property both real and personal descends to Lydia Kerns, Charles A. Kerns and Lincoln S. Kerns, and if either of the three last mentioned children shall die before arriving at the age of twenty-one years,

then in that event the property both real and personal descends to the other two.. If either of the boys marry after the death of my said wife and after they arrive at the age of twenty-one years, they shall have one-third in valuation of both real and personal property, and if the other boy marry after he is twenty-one years of age and leave Lydia single then he and Lydia make an equal division in valuation leaving Lydia the homestead. If Lydia should marry after the death of my said wife and the boys, that is Chas. A. Kerns and Lincoln S. Kerns, become twenty-one years of age then Lydia is to have one thousand dollars in valuation of real and personal property, and if Lydia should marry before the death of my said wife, then it shall be at the discretion of my said wife how much my said wife will give her, but after the death of my said wife and the boys become twenty-one years of age then Lydia shall have four hundred dollars in real or personal property at cash valuation by disinterested parties.''

The widow died January 15, 1908. The plaintiff married in 1883. Charles and Lincoln Kerns were both living at home with the mother at the time of plaintiff's marriage. For a year after her marriage, plaintiff and her husband lived at the home of the mother, as did also Charles and Lincoln. About that time the mother gave the plaintiff two cows, and a bed and bedstead. The mother and the two boys who were at home borrowed about five or six hundred dollars on a note and bought twenty acres of land and had it deeded to the plaintiff, and the note was paid out of estate money. The mother and Charles and Lincoln on February 17, 1890, conveyed to the plaintiff twenty-six acres of the estate land by warranty deed for the expressed consideration of $500, and the deed contained the following clause: ''This deed to be a receipt in full of all claims of said Lydia Lawless against the estate of James Kerns, deceased.'' The deed was at once filed for record, and soon after was sent by mail

to the plaintiff, and she has had it ever since. She testified at the trial that she knew nothing about the making of the deed until she received it by mail after it was recorded. The defendant testified that she, prior to the making of the deed, demanded her part of the estate, and that the deed was made in pursuance of that demand with the understanding between the parties thereto that it should be accepted by her as her share of the estate.

Plaintiff at no time prior to her mother's death objected to said clause in the deed.

Plaintiff took possession of the land conveyed to her and finally sold it.

The defendant testified that Lincoln Kerns was not of age when the plaintiff married; and that plaintiff five or six years after she got the first land complained that she did not have her part of the estate, and the mother proposed to give her the land adjoining her, and that they all, including the plaintiff, went to the officer, when the deed was made and acknowledged, and that the officer asked the plaintiff if she accepted it as her interest in her father's estate and she said that she did.

At the time of the plaintiff's marriage, all her sisters were married.

The only question necessary to be decided here is whether a power was given to Elizabeth Kerns to determine what part of the estate the plaintiff should have and whether there was a valid execution of that power.

We do not think the language of the will can be given any other meaning than that it was the intention, in case paintiff married before her mother's death, the mother should have the power to segregate and set off to her the part of the estate which the mother desired her to have.

It is true that an absolute estate created by one clause of a will cannot be cut down or limited by a

subsequent clause, unless the language used is as clear and decisive as that of the clause creating the same.

It will be noticed that no estate is cut down by the subsequent clause. The estate which the widow is empowered to assign plaintiff in case of her marriage is of a higher character than what was previously provided. The first clause gives her a remainder in fee, the clause containing the power authorizes the appointment to the plaintiff in fee simple in possession. The first clause provides that the remainder shall go to the three children, but that provision is immediately followed by other provisions as to how much of the property the plaintiff under different contingencies may take.

We have no doubt of the testator's meaning on this point. He certainly meant that if the plaintiff should marry before her mother's death, the mother should have the power to set off to her the part of the estate which the mother, in her discretion, should think was plaintiff's proper share.

The deed made to the plaintiff by the mother and her two sons was an effective execution of that power. It does not expressly refer to the power; but that is not necessary. It must be admitted also that it is not necessary, in order to make it effective for the conveyance of the land therein described, that it be referred to the power. Everybody having any interest in the land thereby conveyed was a party to that conveyance either as grantor or as grantee.

The result of that deed was that the plaintiff thereafter held the twenty-six acres absolutely.

The deed had an additional effect. It divested the plaintiff of any interest in the remainder of the estate lands, and vested the entire interest in the remainder of those lands in Charles and Lincoln, subject to the mother's life estate.

But there is something else which that deed purports to do in addition to conveying the land therein

described. It provides that it shall "be a receipt in full for all claims of Lydia Lawless against the estate of James Kerns, deceased." That clause can only have its full effect by referring it to the power in the will. It is held in Warner v. Conn. Mutual Life Ins. Co., 109 U. S. l. c. 365, that the instrument must be treated as an execution of the power, whenever it cannot otherwise be given effect in all its provisions. It was said in Grace v. Perry, 197 Mo. l. c. 568: "The power of said Dougherty under the will was to dispose of 'the absolute estate in fee simple.' By the deed, which was for a valuable consideration, he conveyed 'the absolute estate in fee simple' as he must have intended what he said, and as he could not have conveyed the absolute title in fee simple except in execution of the power, this sufficiently indicates that the deed was made in execution of the power."

The deed to the plaintiff purports to be in full of her share of her father's estate. If that deed is not effective as an execution of the power, the plaintiff would have not only the land thereby conveyed, but would have the same interest as the boys in what was left of the estate lands. In other words, if the deed was not an execution of the power, it was a gift of the interest of the mother and two brothers in the land thereby conveyed. Such evidently was not the intention of the parties.

We hold that there was a power of appointment given the widow by the will, and that the power was effectively executed, leaving the plaintiff without any interest in the land in controversy. The judgment is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.