EDWARD C. LUQUES,
Appellant from Decree of the Judge of Probate.

York. Opinion December 14, 1915.

*Appeal. Devise. Inheritance Tax. Public Laws of Maine, 1909.*
*Residuary Legatees. Will.*

This case is before the court on an agreed statement of facts in an appeal from the decree of the Judge of Probate of York county assessing an inheritance tax against Edward C. Luques, one of the residuary legatees under the will of Margaret C. Luques.

*Held:*

1. It clearly appears that the intention of the testator was that his widow should have full power of disposal of all the property devised to her in the will, and there was no intention to limit her use or disposal thereof.
2. It is a settled rule of law that, if a devisee or legatee have the absolute right to dispose of the property at pleasure, the devise over is inoperative.
3. A devise of land generally or indefinitely, with a power of disposing of it, amounts to a devise in fee. And such a devise, without words of inheritance, is treated as equivalent to a devise with words of inheritance.
4. The property in question did not vest in appellant in and as of the will of Samuel W. Luques, or at the moment of his death. The right of the widow to dispose of the entire estate stood between the plaintiff and his asserted right.
5. An inheritance tax being a tax on the privilege or right of inheriting, could not be levied or collected as against the appellant until such right existed in fact, a condition only to be made certain in this case by the death of the widow.
6. A power of appointment is a power of disposition given a person over property not his own, by some one who directs the mode in which that power shall be exercised by a particular instrument. In the case at bar the property vested in Margaret C. Luques, and when her will was made there was nothing left on which a trust could operate. She had disposed of all the property, and hence no power of appointment could have been executed.
7. The will speaks from the death of the testator, and in clearest terms expresses his intent and his clearly stated purpose that if the widow had disposed of the property by sale or by will, his wishes were satisfied and at an end.

On agreed statement of facts in an appeal from decree of the Judge of Probate. Decree affirmed. Case remanded to probate court for further proceedings.

This is an appeal from decree of Judge of Probate of York county assessing an inheritance tax against Edward C. Luques.

The case is stated in the opinion.

*N. B. & T. B. Walker*, for appellant.

*W. R. Pattangall*, attorney general, for appellee.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

HANSON, J. This case is before the court on an agreed statement of facts in an appeal from the decree of the Judge of Probate of York county assessing an inheritance tax against Edward C. Luques, one of the residuary legatees under the will of Margaret C. Luques. The agreed statement is as follows:

"Samuel W. Luques, father of appellant, died August 31, 1897. Margaret C. Luques died December 16, 1913. Edward C. Luques and Herbert L. Luques are the only children of Samuel W. Luques. Margaret C. Luques was a second wife of Samuel W. Luques and a sister of his first wife, the mother of Edward C. Luques and Herbert L. Luques. The value of the real estate coming to Edward C. Luques and Herbert L. Luques under the will of Margaret C. Luques which she took under the second clause of the will of Samuel C. Luques is $20,466.00. The value of the personal property coming to Edward C. Luques and Herbelt L. Luques under the will of Margaret C. Luques, which she took under the eleventh clause of the will of Samuel W. Luques, is $2,000."

The questions raised arise under the following sections of the will of Samuel W. Luques who died prior to the passage of the collateral inheritance tax law as in Chapter 186, Public Laws of Maine, 1909:

"Second: I give, devise and bequeath to my wife, Margaret C. Luques, my homestead place where we live with all furniture, fixtures, family library, stable connected therewith, together with its contents, horses and carriages, also house and lands on said Foss street containing tenements Nos. 34 and 36, and also houses and lands on northeast side of Summer street, containing tenements Nos. 13 and 15. Said lands being bounded on the southeast by

Foss street; on the southwest by Summer street; on the northwest by land of Risworth Jordan and by land of Joseph T. Mason, and on the northeast by land of Joseph T. Mason and by Pool street, to have and to hold to said Margaret C. Luques, her heirs and assigns forever, except as hereinafter provided."

"Eleventh: All the rest and residue of my estate, both real and personal, I give, devise and bequeath to my wife Margaret C. Luques and my sons Edward C. Luques and Herbert L. Luques, to have and to hold to them in equal shares, their heirs and assigns forever.

"If during the lifetime of my wife she shall not have disposed of the property above given and devised to her, or at her decease disposed of it by will, then said estate and property not disposed of by her, I give, devise and bequeath to my sons Edward C. Luques and Herbert L. Luques, and in the event of their decease or the decease of either of them, then the share that would have gone to the father from my wife's estate shall go to the heirs of my son or sons by representation."

As has been seen, Margaret C. Luques died after the passage of the collateral inheritance tax law, testate. By her will she made forty-two bequests of money and personal property, and the following residuary provision:—"My will is that all my just debts and funeral expenses shall by my executors hereafter named, be paid as soon after my decease as shall by them be found convenient. All the rest and residue of my estate, real, personal and mixed, of which I shall die seized or possessed, or to which I shall be entitled at my decease, I give, devise and bequeath between my nephews Edward C. Luques and Herbert L. Luques, or their heirs. And lastly I do nominate my said nephews Edward C. Luques and Herbert L. Luques and my sister Pauline C. Lithgow to be the executors of this my last will and testament."

Counsel for appellant contends, 1, that the property on which the inheritance tax was assessed was not the absolute property of Margaret C. Luques; 2, that Edward C. Luques takes his title and interest therein through said Margaret C. Luques by her execution of a power conferred upon her in the will of Samuel W. Luques; 3, that appellant takes title to the same as of and under the will of Samuel W. Luques; and, 4, that the will of Samuel W. Luques

conferred upon the said Margaret C. Luques a power coupled with a trust. The question in controversy as presented by counsel is "whether such property and interest vested in the appellant under the will of his father, Samuel W. Luques, or under the will of his stepmother, Margaret C. Luques. If it vested under the former will, it is not liable to an inheritance tax, but if it vested in him under the will of his stepmother, it is liable to such tax." We think that appellant takes under the latter and not under the former will. It is very apparent that Samuel W. Luques intended by clauses two and eleven of his will that his wife should have the absolute right of disposal of the property comprehended in said clauses, and there is nothing in the will or any part thereof to warrant a contrary inference. Aside from the use of the words "except as hereinafter provided," it is not contended that clause two does not create an ownership in fee, nor is it claimed that clause eleven creates a lesser estate when taken alone. The contention is that the exception made as in clause two, considered in connection with the alleged limitations and directions in clause eleven, does have that effect, and that as a necessary consequence "all her powers and interest in the estate were limited to the term of her life."

Samuel W. Luques in direct and simple language has furnished a meaning for the words "except as hereinafter provided" by which we must be controlled. He says in conclusion: "If during the lifetime of my wife she shall not have disposed of the property *above given and devised to her,* or at her decease disposed of it by will, then said estate and property not disposed of by her I give, devise and bequeath to my sons," etc. It clearly appears that his intention was that the widow should have full power of disposal of all the property devised to her in the will, and there was no intention to limit her use or disposal thereof. It is equally apparent that if she had disposed of the property either by sale or by will, it was just what he intended and knew she had the right to do. While such words as here used may be open to speculation and question as to the actual state of mind of the testator in a given case, the settled law is the best guide for the protection of the property rights of all interested, and the primary controlling rule in the exposition of wills is that the intention of the testator as expressed in his will shall prevail, provided it be consistent with the

rules of law. Such intention is to be gathered from the whole will taken together, every word receiving its natural and common meaning. *Shaw* v. *Hussey*, 41 Maine, 495; *Bryant* v. *Plummer*, 111 Maine, 511; *Crosby* v. *Conforth*, 112 Maine, 109. In *Ramsdell* v. *Ramsdell*, 21 Maine, 288, the testator in his will provided, "First, I give and bequeath to my beloved wife, S. C., the use during her life of all my plate and household goods, also all my personal property and real estate, except as is hereafter excepted." Then made pecuniary bequests to seven different persons to be paid by his executrix, and a further bequest to be paid by her if she thought proper, with a residuary clause in favor of his brothers and sisters and her brothers and sisters, and appointed his wife executrix. It was held, that by the will the widow had the absolute right to dispose of the entire property, for her own use and benefit, subject only to the payment of the debts. It was also held as the settled rule of law, that if a devisee or legatee have the absolute right to dispose of the property at pleasure, the devise over is inoperative.

In *Mitchell* v. *Morse*, 77 Maine, 423, a devise was in these words: "I give and devise to my wife, Sarah F. Mitchell, all the rest and residue of my real estate. But, on her decease, the remainder thereof, I give and devise to my said children, or their heirs respectively, to be divided in equal shares between them." It was held that the widow took an estate in fee simple, and that the devise over of the remainder was void. See *Wallace* v. *Hawes*, 79 Maine, 177; *Bradley* v. *Warren*, 104 Maine, 423; *Young* v. *Hillier*, 103 Maine, 17. So too in *Shaw* v. *Hussey*, supra, it is held that a devise of land generally or indefinitely, with a power of disposing of it, amounts to a devise in fee. And such a devise, without words of inheritance, is treated as equivalent to a devise with words of inheritance. See *Gifford* v. *Choate*, 100 Mass., 343; Gardner on Wills, 466; 4 Kent's Com., 535; *Jones* v. *Bacon*, 68 Maine, 34.

The concluding words which appellant holds to be in effect a limitation upon the fee, and in fact the creation of a power of appointment coupled with a trust, cannot be so considered by the court. As before stated, the language used cannot be construed to imply any such meaning on the part of the testator, but does authorize the implication of a deliberate intention that the property should be at the free disposal of his wife during her life, by sale, or by her will,

and that the same should become a part of "his wife's estate." The words used are not inconsistent with the clauses in question, which create an absolute estate, and not an estate for life. The property in question therefore did not vest in appellant in and as of the will of Samuel W. Luques, or at the moment of the death of his father. The right of the widow to dispose of the entire estate stood between the plaintiff and his asserted right.

An inheriatnce tax being a tax on the privilege or right of inheriting, could not be levied or collected as against the appellant until such right existed in fact, a condition only to be made certain in this case by the death of the widow. · *Magoun* v. *Illinois Trust & S. Bank,* 170 U. S., 283; *Knowlton* v. *Moore,* 178 U. S., 41-115; 27 Am. & Eng. Ency. of Law, 338; *Cahan* v. *Brewster,* 203 U. S., 543-551.

In view of our conclusion, consideration of the question as to the legality of such tax in the presence of an actual power of appointment coupled with a trust, is unnecessary; but inasmuch as the question has been raised, it may be useful to direct attention to the recent case of *Chanler* v. *Kelsey,* Comptroller of the State of New York, 205 U. S., 466, where the question was raised. The necessary facts therefrom may be stated substantially as follows: Laura Astor Delano was the daughter of William B. Astor. Upon the occasion of her marriage in 1844 to Frank H. Delano, Mr. Astor executed a deed in the nature of a marriage settlement, conveying certain real and personal property to trustees in trust to pay the income to said Laura Delano for life, with remainder to her issue in fee, or in default of issue to her heirs in fee; and giving her power in her discretion to appoint the remainder "amongst her said issue or heirs, in such manner and proportions as she may appoint by instrument in its nature testamentary, to be acknowledged by her as a deed and in the presence of two witnesses, or published by her as a will." Three later deeds were executed substantially similar in terms. These deeds were absolutely irrevocable, took effect upon delivery, and were not made in contemplation of the death of the grantor. Laura Delano died in 1902. By her last will, admitted to probate in the county of New York, she exercised the power of appointment conferred in the deeds above named. One of the appointees to whom Mrs. Delano had appointed the property conveyed by two of the later deeds referred to, took an appeal from

the order of the Surrogate's Court refusing to dismiss the petition to the Appellate Division of the Supreme Court, where it was held that the act under which the transfer or inheriatance tax in question was imposed, as applied to the case, was unconstitutional. The state comptroller appealed to the Court of Appeals from the decision of the Appellate Division. That court sustained the right to impose the transfer tax upon the interests appointed by Mrs. Delano, and the case was finally determined as above. The argument in that case was that the estate which arose by the exercise of the power came from the original grantor, William B. Astor, and not from Mrs. Delano, and was vested long before the passage of the amendment under authority of which the tax was imposed, and to tax the exercise of the power therefore takes property without due process of law. The court say: "As in the case of *Orr* v. *Gilman,* 183 U. S., 278, we must accept the decision of the New York Court of Appeals holding that it is the exercise of the power which is the essential thing to transfer the estates upon which the tax is imposed." The language adopted from the decision of the Court of Appeals is here quoted, "As the tax is imposed upon the exercise of the power, it is unimportant how the power was created. The existence of the power is the important fact, for what may be done under it is not affected by its origin. If created by deed its efficiency is the same as if it had been created by will. No more and no less could be done by virtue of it in the one case than in the other."

A "power of appointment" is defined as a power of disposition given a person over property not his own, by some one who directs the mode in which that power shall be exercised by a particular instrument. Words and Phrases, 5480, 55 Atl., 707. In the case at bar the property vested in Margaret C. Luques, and when her will was made there was nothing left on which a trust could operate. She had disposed of all the property, and hence no power of appointment could have been executed. *Fitzsimmons* v. *Harmon,* 108 Maine, 456. The will speaks from the death of the testator, and in clearest terms expresses his intent and his clearly stated purpose that if the widow had disposed of the property by sale or by will, his wishes were satisfied and at an end.

> *Decree affirmed.*
> *Case remanded to Probate Court*
> *for further proceedings.*