FRANCES CAMPBELL BROWN AND LAURA MORRISON BROWN, BY THEIR NEXT FRIEND, MRS. ELLEN C. BROWN, v. MORRISON BROWN, ADMINISTRATOR C. T. A. OF LAURA M. BROWN AND BEDFORD BROWN.

(Filed 24 November, 1920.)

1. **Wills—Devise—Power of Sale—Words and Phrases—Synonymous Terms.**

    Where the testator "advises" his executors to sell all of his houses to make an equal division among his children, excepting his home place, which he "wishes" a certain son "to own": *Held,* by the use of the word "advise," a discretionary power was given the executors to sell the houses, excepting the "home" place, which was to go to the son, under the terms employed, "wishes" him "to own," the intent of the testator being to use these terms, "advise" as a discretionary power to sell, and "wishes" the son "to own" as synonymous with the word devise.

2. **Wills—Interpretation—Intent—Equity—Election—Devise—Equal Distribution.**

    A devise of the testator's "home" place to a son, expressing that there should be an equal division of all of his other lots among his children, and that the son so designated had been liberal in aiding him with money

28—180

in "considerable" amounts: *Held,* the son may elect to cancel the indebtedness and take the fee to the "home" place under the will, it appearing that this construction would practically or more nearly carry out the testator's intent to equally divide his property among his children.

CIVIL ACTION, tried before *Bryson, J.,* at October Term, 1920, of MECKLENBURG.

The jury trial was waived and the matter submitted to the court. The question presented arises upon a construction of the will of Laura M. Brown. From the judgment rendered the plaintiffs and the defendant Bedford J. Brown appealed to the Supreme Court.

*E. R. Preston for plaintiffs.*
*Walter Clark, Jr., for defendants.*

BROWN, J. The part of the will of the testatrix under discussion is as follows:

"1. If Morrison and Edmunds are living in distant States, I appoint Alfred and Bedford executors of my estate.

"2. For equal division, I advise them to sell all the houses I own (14 in number), except my home, 807 E. Ave., which I wish Bedford to own, as he has always spent his money liberally helping me to improve it, and I owe him two considerable debts, one on the addition to the house, also the additional cost of the furnace, and the debt on the brick building on W. Fourth Street. The Fourth Street property, also McDowell Street property, is rising in value so that I trust that an equal division can be made. Before Alfred's marriage he advanced money to me to meet the interest on the debt of the old home, and also helped me settle taxes, and advanced money to his brothers in the Sem., also kept up Morrison's life insurance (which was subsequently lost), and to compensate him, I made him a deed to one of the houses on W. Fourth Street."

His Honor adjudged upon the foregoing facts:

"Upon the foregoing facts, it is ordered, adjudged, and decreed that Bedford J. Brown is the sole owner in fee simple of that certain lot No. 807 E. Avenue, Charlotte, N. C., known and described in the will as 'my home' by Mrs. Laura Morrison Brown, testatrix, and that said 'home place' was devised to Bedford J. Brown in full settlement of his share of the estate of Laura M. Brown, testatrix, and in full settlement of all indebtedness of Laura M. Brown, testatrix, to Bedford J. Brown, up to the time of the making of said will, to wit, 11 August, 1916, the said debts being as follows: A note for $825.75, less a credit of $84, which note is dated 2 September, 1914, and a certain note for $219.46, dated 1 October, 1914; and a debt of $401.46 on Fourth St. property, making a total of $1,362.67."

The will is inartificially drawn, but we think the intention of the testatrix is manifest that her son Bedford should take the home place. It is true the word "devise" is not used, but the words "I wish Bedford to own" are tantamount to saying, "I give and devise" to him. Where the intention is manifest to confer an estate in property upon a devisee any word may be construed to have that effect which in common parlance would not appear to do so.

Thus the word "lend" is construed to mean "give" or "devise," where the meaning is apparent. *Jarman v. Day,* 179 N. C., 318.

We think it is apparent that the testatrix intended to give her son Bedford the home place in full discharge of her indebtedness to him, and he is put to his election as to whether he will take the property or not on those terms. The total indebtedness to the defendant Bedford is found to be about $1,900. It would be impossible to make anywhere near an equal distribution of the property unless this construction was put upon the will.

According to the findings of fact, if Bedford should receive the home place valued at $10,000, and the payment of the indebtedness of the testatrix to him, Bedford would receive some $12,000, while each of the other heirs would receive only some $5,000.

But if Bedford receives the home place, and the indebtedness of testatrix is canceled, he will receive approximately $8,000, and the each of the other heirs approximately $6,000.

His Honor adjudged that the will does not confer the power of sale upon the executors. In this we think the court erred. The language of the will is, "I appoint Alfred and Bedford executors of my estate. For equal division I advise them to sell all the houses I own (14 in number), except my home," etc.

We think it was the plain intention of the testatrix to confer upon her executors the power to sell the property in order to make an equal division upon her children. It would be impossible for the executors to sell the property at all, there being no indebtedness, unless the words of the will are given some effect.

We are of opinion, however, that the word "advise" does not convey a positive direction to sell. It leaves discretionary with the executors as to whether they will sell and divide proceeds in accordance with the terms of the will or leave the property for actual partition among the devisees.

Affirmed.

CLARK, C. J., did not sit on the hearing of this case.