---

(No. 14976.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CHARLES R. KAISER, Exr. Appellant.

*Opinion filed December 19, 1922—Rehearing denied Feb. 9, 1923.*

1. POWERS—*difference between powers and trusts.* Powers are never imperative but leave the act to be done at the will of the donee of the power, while trusts are always imperative and are obligatory on the conscience of the trustee.

2. SAME—*a court of equity will compel execution of a power coupled with a trust.* A court of equity will not compel the execution of a power nor control its exercise, but where the power is coupled with a trust, which exists when by the instrument creating the power the execution thereof is made an imperative duty, a court of equity will compel the execution of the power the same as it will enforce any trust.

3. SAME—*the donee of power takes no title to the property.* A power of appointment is not an absolute right of property nor is it an estate, as the donee of the power is not vested with title to the property but is simply vested with power to appoint the one to take the title, and the appointee under the power takes title from the donor and not from the donee of the power.

4. SAME—*when donee is presumed to exercise power in favor of creditors.* The donee of a power of appointment who is in debt and has power to appoint to anyone he may choose, will be presumed to exercise his power in favor of his creditors rather than in favor of mere volunteers.

5. INHERITANCE TAX—*power coupled with a trust is taxable under section 25 of Inheritance Tax act.* Where a testatrix bequeaths to her executor her residuary estate in trust, to be converted into

money and given to such charitable and benevolent institutions or needy persons as he deems most deserving, the duty to appoint is imperative and one which a court of equity will enforce; and hence paragraph 4 of section 1 of the Inheritance Tax act does not apply and the inheritance tax is properly assessed at the highest rate which, in the event the money is distributed to persons or institutions not exempt, would be possible under the provisions of section 25.

6. Same—*power coupled with a trust is taxable at time estate vests in the trustee.* Where a residuary estate is to be converted into money and vested in the executor in trust, with power to appoint to any charitable institutions or needy persons he deems most deserving, the transfer is taxable, under section 25 of the Inheritance Tax act, at the time the estate vests in the trustee; and the fact that he has agreed, with approval of the court, to appoint one-half of the residuary estate to heirs in settlement of a contest of the will does not give rise to a right of refund under section 25 nor authorize the court to consider the settlement agreement in computing the amount of the tax.

Appeal from the County Court of Henderson county; the Hon. James W. Gordon, Judge, presiding.

Grier, Safford & Soule, and O'Harra, O'Harra & O'Harra, for appellant.

Edward J. Brundage, Attorney General, Floyd E. Britton, and Virgil L. Blanding, for appellee.

Mr. Chief Justice Thompson delivered the opinion of the court:

May 3, 1920, Nancy A. McMurray, a resident of Henderson county, died testate, leaving an estate consisting of lands and personal property. After making bequests to certain individuals and institutions she directed her executor to convert the remainder of her estate into money, and then provided:

"*Ninth*—And when the whole of my said residuary estate shall be converted into money as aforesaid, I give and bequeath the same to my executor hereinafter named, in

trust, and he is to give and divide the same among such charitable or benevolent institutions or needy persons or families as he shall deem most deserving of such reward or assistance."

The value of the residuary estate passing to the trustee by virtue of the ninth clause of the will is $77,559.60. In a proceeding in the county court to fix and assess the transfer tax under the provisions of an act to tax gifts, legacies, inheritances, etc., a tax was imposed upon the whole of the residuary estate at the highest rate which, in the event the money was distributed to persons or institutions not exempt from tax, would be possible under the provisions of the act, as provided in section 25 thereof. From the order so fixing and assessing the tax appellant prayed and has prosecuted this appeal.

Appellant contends that the ninth clause of the will created in him a general power of appointment, and that under the provisions of paragraph 4 of section 1 of the act under consideration no tax is due or collectible until the power has been exercised. That paragraph provides: "Whenever any person, institution or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment, when made, shall be deemed a taxable transfer under the provisions of this act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of this act shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had

succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." (Hurd's Stat. 1921, p. 2736.) Appellee contends that the ninth clause of the will creates a trust in appellant, and that the power of appointment created by that clause is not such a power as comes within the provision above quoted. The Attorney General argues that "only those powers of appointment are covered by the fourth paragraph of section 1 of the Inheritance Tax law the exercise of which by deed or by will so partakes of the nature of successions that the legislature may reasonably and constitutionally be said to have intended to tax them as successions, and that all other powers of appointment and all other transfers which may have some resemblance to powers of appointment which are created by will, or by deed in contemplation of or intended to take effect in possession or enjoyment at or after death, are taxable as transfers by the donor of the power at the highest possible rate under section 25."

There is a clear distinction between a power and a trust. Powers are never imperative. They leave the act to be done at the will of the donee of the power. Trusts are always imperative and are obligatory on the conscience of the trustee. (*Law Guaranty Co.* v. *Jones,* 103 Tenn. 245, 58 S. W. 219.) A court of equity will never compel the execution of a power nor will it undertake to control its exercise. (3 Pomeroy's Eq. Jur.—4th ed.—sec. 1002.) Where, however, the power is coupled with a trust, which exists when by the instrument creating the power the execution thereof is made an imperative duty and is therefore regarded in equity as a trust to be carried out by the person to whom the power is given, a court of equity will compel the execution of the power on the same principle on which courts of equity will enforce any trust. (1 Tiffany on Real Property,—2d ed.—1051.) A power of appointment is not an absolute right of property, nor is it an estate, for it has

none of the elements of an estate. The donor does not vest in the donee of the power title to the property, but simply vests in the donee power to appoint the one to take the title. The appointee under the power takes title from the donor and not from the donee of the power. (Kales on Estates,—2d ed.—707; *Christy* v. *Pulliam,* 17 Ill. 59; *Bingham's Appeal,* 64 Pa. 345; *Leggett* v. *Doremus,* 25 N. J. Eq. 122.) On the other hand, it is a doctrine of equity that the donee of a power of appointment, who could appoint to anybody he chose and was in debt, will be presumed to have exercised his power in favor of his creditors rather than in favor of mere volunteers. *Gilman* v. *Bell,* 99 Ill. 144; *Shattuck* v. *Burrage,* 229 Mass. 448, 118 N. E. 889; *Brandies* v. *Cochrane,* 112 U. S. 344, 5 Sup. Ct. 194; *United States* v. *Field,* 255 U. S. 257, 18 A. L. R. 1461; 1 Tiffany on Real Property, (2d ed.) 1107.

It is clear that clause 9 of the will in question does not give appellant a power which he may exercise or not, as he chooses, nor does it grant to him such a general power of appointment as to make the assets liable for his debts under any circumstances. Appellant states in his brief that he takes a legal title as trustee for the purpose of exercising a power of appointment to certain charities. We agree with this statement, and for the reason that the will clearly vests in appellant the legal title in trust it does not grant to him a general power of appointment. By clause 9 the title to the residuary estate is vested in appellant as trustee, the power to appoint the charities that are to be the beneficiaries of the trust is made an imperative duty which a court of equity will enforce, and the property being vested in him as trustee cannot under any circumstances be made liable for his debts. These characteristics make the interest of appellant a trust and not a power, and the court properly taxed the transfer under section 25 of the act in question.

Shortly after the will in question was admitted to probate certain heirs threatened to file a bill to contest, and

an agreement was made between the heirs and the trustee whereby the heirs are to receive one-half of the residuary estate. This agreement was approved by the circuit court of Henderson county. Appellant contends that he can never appoint the one-half of the residuary estate which he has given to the heirs to persons or institutions that would not be exempt from taxation under section 28 of the act, and without regard to whom he may appoint the balance of this fund this half can certainly never be subject to taxation. The residuary estate vested in the trustee upon the death of the decedent and the succession tax accrued at the time the estate vested. The share of the estate passing to the heirs by virtue of the agreement did not pass by virtue of the Statute of Descent nor by virtue of the will but passed under the agreement. Section 25 provides that the tax imposed is due and payable forthwith by the trustee out of the property transferred, and then provides "that on the happening of any contingency whereby the said property or any part thereof is transferred to a person, corporation or institution exempt from taxation under the provisions of the inheritance tax laws of this State, * * * such person, corporation or institution shall be entitled to a return" of the tax paid. The fact that the trustee has put it out of his power, by agreement or otherwise, to carry out the terms of the will, and thereby makes it impossible for any person or corporation entitled under the will to receive the property ever to receive it, does not give rise to a right of refund. The court properly refused to consider the settlement agreement in computing the tax due. *People* v. *Union Trust Co.* 255 Ill. 168; *In re Estate of Graves,* 242 id. 212.

The judgment of the county court is affirmed.

*Judgment affirmed.*