**MISSISSIPPI VALLEY TRUST CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9933.

Circuit Court of Appeals, Eighth Circuit.

July 6, 1934.

A. Lowenhaupt, of St. Louis, Mo. (Lowenhaupt and Waite, of St. Louis, Mo., on the brief), for petitioners.

John MacC. Hudson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Milford S. Zimmerman, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before STONE and GARDNER, Circuit Judges, and JOYCE, District Judge.

STONE, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which affirmed a redetermination by the Commissioner rejecting a deduction claimed from the estate tax on the estate of Firmin Desloge, who died in Missouri, December 18, 1929. The deduction involved is that of $1,000,000 to St. Louis University, which the executors claim is exempt under a provision of the will reading as follows: "Third: I have heretofore expressed to my sons my wishes as to certain charitable gifts, and I therefore make no such bequests herein, preferring that my sons shall make such donations within their sole discretion as shall seem to them to be best."

The Board of Tax Appeals ruled against the petitioners on the two grounds that the applicable taxing statute did not recognize a deduction of this character even though the will be construed as petitioners contend, and that the will should not be so construed as creating a power, but should be construed as stating merely a wish or request, not legally binding upon the executors. These two main contentions are the ones presented here.

### I. The Statute.

To understand and determine the application of the statute it is necessary to state the position of the petitioners as to the construction of the above-quoted extract from the will. They do not claim that any trust relation was created, but that this part of the will granted to the two sons "a power, technically known as a discretionary power, to make charitable gifts from decedent's estate" which was limited to charitable bequests and was a valid power. Whether such is the effect of this portion of the will is the second question to be examined here but, for the purposes of determining the application of the statute, it will be supposed that the above construction of the will is correct.

The pertinent statute is section 303 of the Revenue Act of 1926 (44 Stat. 9 [26 USCA § 1095]). This section deals with the method of ascertaining the value of the net estate for the purposes of levying the estate tax. It provides for certain deductions allowable from the gross estate, among which are "the amount of all bequests, legacies, devises, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes. * * *" It is conceded that St. Louis University comes within the above classification of corporations. Therefore, the question here is as to whether there was a bequest, legacy, or devise within the statute.

It has been repeatedly held that this estate tax is upon the power of transmission from decedent which is made active by death (Klein v. United States, 283 U. S. 231, 234, 51 S. Ct. 398, 75 L. Ed. 996; Tyler v. United States, 281 U. S. 497, 502, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758; Ithaca Trust

Co. v. United States, 279 U. S. 151, 155, 49 S. Ct. 291, 73 L. Ed. 647; Chase Nat. Bank v. United States, 278 U. S. 327, 334, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388; Young Men's Christian Ass'n v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 68 L. Ed. 558; N. Y. Trust Co. v. Eisner, 256 U. S. 345, 349, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660), and it is in strict line with this principle that section 303 requires that charitable bequests allowable as deductions must have the same generating source, since it uses the testation words "bequests, legacies, devises." This thought as to these deductions is clearly expressed in Young Men's Christian Ass'n v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 292, 68 L. Ed. 558, as follows: "Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him 'if you will make such gifts, we will reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give.' "

The meaning of this language is that the testator and he alone must provide for the charitable bequest. It means that the provision by the testator must be one that is definite in ascertainment and that is legally enforceable; it must possess the qualities of a definite command which will define the legal rights of all parties to the property intended to be affected.

As to certainty of statement by the testator, the requirement is not that every feature of the designation by him must be set out, but it is that he must set out sufficient so that from the things so designated the entire matter may be made certain. As stated in Humes v. United States, 276 U. S. 487, 494, 48 S. Ct. 347, 348, 72 L. Ed. 667: "Did Congress, in providing for the determination of the net estate taxable, intend that a deduction should be made for a contingency the actual value of which cannot be determined from any known data?"

It is permissible that beneficiaries may be stated as a class where the method of particular designation in the class is provided for and where there is a duty to make such designation, but this situation is not satisfied where the discretion is whether to make a designation or not, instead of solely a discretion to particularize within the designated class.

Ithaca Trust Co. v. United States, 279 U. S. 151, 154, 49 S. Ct. 291, 73 L. Ed. 647; St. Louis Union Trust Co. v. Burnet, 59 F. (2d) 922, 925 (C. C. A. 8).

There are, in legal contemplation, three possible situations in connection with so-called "powers." In two of them a power exists; in the third it does not. The first of these is where a power exists coupled with a mandatory duty to exercise it. This situation is more usually encountered in connection with trusts and is illustrated by such cases as Gossett v. Swinney, 53 F. (2d) 772 (C. C. A. 8); Howe v. Wilson, 91 Mo. 45, 3 S. W. 390, 60 Am. Rep. 226; People v. Kaiser, 306 Ill. 313, 137 N. E. 826; Dunn v. Morse, 109 Me. 254, 83 A. 795 (portion of opinion as to the charitable trust there involved). The next class is where a power is given with no mandatory requirement as to exercise. In this situation the exercise is neither legally enforceable nor legally preventable. This situation is illustrated by cases like Lawless v. Kerns, 242 Mo. 392, 146 S. W. 1169; In re Weekes Settlement, 1 Ch. 289 (1897); Dunn v. Morse, 109 Me. 254, 83 A. 795 (portion of opinion dealing with interests of relatives); Brown v. Brown, 180 N. C. 433, 104 S. E. 889 (portion of opinion relating to houses except house of testatrix). The third situation is where the expressions of the testator are not sufficient to create a power but are the mere voicing of a request or desire which carries no legal significance. Illustrations of this class are O'Brien v. McCarthy, 52 App. D. C. 183, 285 F. 917; Russell v. United States Trust Co., 136 F. 758 (C. C. A. 2); McDuffie v. Montgomery, 128 F. 105 (C. C. Ill.); Holmes v. Dalley, 192 Mass. 451, 78 N. E. 513.

On the face of the above-quoted provision of the will, as well as from the frank statement of the petitioners here as to their contention, it is clear that if a power is created by this provision of the will it is of the above second class. Obviously, there is no mandatory requirement that anything shall pass from the estate to any charitable institution. The most that could be said is that the two sons are permitted to give or not any or all of the estate to such charities as they may determine. There is no compulsion upon them to act, and, therefore, no compulsion upon the legatees or heirs of the estate to abide by such action as they may see fit to take. This left an entire uncertainty, at the death of testator, as to whether there would ever be any such charitable donation, as to whom such donations, if made, would go, and as to what amounts would be taken from the

estate for that purpose. Possessing such uncertainty and lacking in mandatory character, the provision must fail as a bequest, legacy, or devise, within the meaning of section 303. In fact, the very wording of this part of the will states in connection with charitable gifts that "I therefore make no such bequests herein."

## II. The Will.

Petitioners contend here that the will creates a power in the two sons. It is not contended that the exercise of this power is mandatory under the will. If what has been said above concerning the meaning of the statute is accurate it is unnecessary to determine whether the character of power contended for exists or not. However, it seems to us that it does not. Petitioners base their contention as to the existence of this power upon two arguments.

The first argument is that the probate court having this estate in charge has adjudicated that the power exists. The parties seem to treat the adjudication of the probate court to mean what petitioners contend for. The application and a portion of the order thereon of that court are in the record. The application was to sell certain property in order to realize money to pay the donation to St. Louis University and recites that the payment is in pursuance of the power in the will. The order of the court is for sale for that purpose and may be taken as an adjudication of the existence of the power because the effect of the order is to execute it. However, the application and order taken together reveal no direct consideration and determination of this matter but rather give the impression of an uncontested consent order wherein this particular matter was not directly called to the attention of the court. But taking the order as being an adjudication of the existence of the power, there remains the question of its binding effect upon a federal court in an action involving a federal taxing statute.

The contention of petitioners is that this order of the probate court, which had jurisdiction and power to determine the meaning of the will, is res adjudicata in all courts and for all purposes. This is not the law. The applicable law as to federal taxing statute situations is expressed in Burnet v. Harmel, 287 U. S. 103, 110, 53 S. Ct. 74, 77, 77 L. Ed. 199, as follows: "It is the will of Congress which controls, and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform

application to a nation-wide scheme of taxation. See Weiss v. Wiener, 279 U. S. 333, 337, 49 S. Ct. 337, 73 L. Ed. 720; Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183; United States v. Childs, 266 U. S. 304, 309, 45 S. Ct. 110, 69 L. Ed. 299. State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law. See Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156; Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239; United States v. Cambridge Loan & Building Co., 278 U. S. 55, 49 S. Ct. 39, 73 L. Ed. 180; Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758; see Von Baumbach v. Sargent Land Co., supra, page 519 of 242 U. S., 37 S. Ct. 201, 61 L. Ed. 460."

There is nothing in the statute here involved, either in express language or necessary implication, which would require the federal court to accept the construction of this will by the probate court as determinative here. Therefore, this contention of petitioners is not well taken, and we come to their next contention, which is that the will should be construed to create this power.

Construction of the will is ascertainment of the intention of the testator and each will presents its separate problem with little assistance to be gained from adjudicated cases. Smith v. Bell, 6 Pet. 68, 79, 80, 8 L. Ed. 322. First looking at this paragraph third alone, there are no words sufficient to create a legal power. Therein the testator expressly states that he makes no bequests for charitable gifts in the will, stating as the reason for not doing so that he has heretofore expressed to his sons his "wishes" as to certain charitable gifts and that he prefers that his sons shall make "such donations within their sole discretion as shall seem to them to be best." There is no hint that he intends to bind his estate to such gifts, and there is, obviously, no legal obligation upon the sons to make any gifts at all. The situation is that the testator has made known his "wishes" to his sons and left the matter entirely to their discretion. Passing from this provision in the will to the entire will to ascertain other expressions which might throw light upon the matter under consideration, we find that other provisions of the will (paragraphs second, fourth, fifth, and sixth) make complete disposition of the entire net estate. The fourth paragraph expressly devises to the wife and to each of the two sons the entire net estate in equal shares. The fifth para-

graph provides for the contingency of the wife dying before the testator in which case the third going to her is to be divided equally between the sons. Paragraph sixth takes care of the contingency of either son dying before the testator. Thus it is clear that other provisions of the will do not help a construction of the third provision, as creating a power, but have the opposite effect, since they completely dispose of the entire estate in express and indisputable terms. It is clear that there is no power, in a legal sense, expressed in paragraph third, but that it is merely the expression of a desire which is legally binding on no one.

In addition it may be said that paragraph fourth of the will expressly devises "all of the property constituting my net estate, both real and personal and wheresoever situated" to testator's wife and two sons in equal shares. In this situation of a clear devise the estate so devised cannot be diminished unless there is a clearly shown intention to that effect and such showing must be made by more than an expression of a wish or desire. Snyder v. Toler, 179 Mo. App. 376, 166 S. W. 1059, 1062; Matter of Barney's Will, 207 App. Div. 25, 201 N. Y. S. 647, 649, affirmed 239 N. Y. 584, 147 N. E. 205. Also, since the donees of this power of disposition are the two sons to whom was devised portions of the estate in fee, such power would disappear as merged in the larger estate. Browning v. Bluegrass Hardware Co., 153 Va. 20, 149 S. E. 497, 499; Jennings v. Conboy, 73 N. Y. 230, 237; In re Luques Estate, 114 Me. 235, 95 A. 1021; 21 R. C. L. 772, 773; 49 C. J. 1248.

### Conclusion.

For either or both of the above reasons, the order of the Board of Tax Appeals should be and is affirmed.