Lucille Page, Appellant, v, Warren Wright, Appellee.

Gen. No. 44,833.

Opinion
filed November 29, 1950. Released for publication February 23, 1951.

CASSELS, POTTER & BENTLEY, of Chicago, for appellant; WILLIAM S. WARFIELD, III, and RICHARD H. MERRICK, both of Chicago, of counsel.

HOPKINS, SUTTER, HALLS, DE WOLFE & OWEN, of Chicago, for appellee; HARRY B. SUTTER, DONALD J. DE WOLFE, both of Chicago, and DANIEL C. SMITH, of Tacoma, Wash., of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff brought an action seeking reimbursement for part of the federal estate taxes on the estate of her mother. On defendant's motion the complaint was dismissed on the ground that it failed to state a cause of action. Plaintiff appeals.

In 1931, William Monroe Wright died at Lexington, Kentucky, leaving him surviving as his heirs at law and next of kin his widow, Georgia Owen Wright, and a son, Warren Wright. Warren Wright, defendant herein, was born of a former marriage. William Monroe Wright left a will and several codicils thereto by which he created a trust having a corpus of a million dollars and providing an annual income of $70,000 to his widow during her life. In addition to the annuity, he gave his widow general testamentary power to appoint $250,000 of the trust, and left his residuary estate to his son. Georgia Owen Wright, the widow, died

353

testate in 1936, leaving her surviving a daughter by a former marriage, the plaintiff herein.

When Mrs. Wright died in 1936, administration of the estate of William Monroe Wright was completed. In her will Mrs. Wright exercised the power of appointment, conferred upon her by the will of William Monroe Wright, of the entire fund by appointing $150,000 to plaintiff, her daughter, and the remainder to twenty-four friends and relatives, none of whom had any blood relationship to William Warren Wright. The taxable estate left by Mrs. Wright, including the $250,000 fund, aggregated $436,305.39, and the federal estate tax paid by the executor on her estate was $57,899.30. The amount of the estate tax allocable to the $250,000 fund was $33,176.30. In the present suit plaintiff, as the residuary legatee of her mother's estate, seeks to recover the latter sum from defendant as the residuary legatee of the estate of his father William Monroe Wright.

The pertinent provision in the will of William Monroe Wright upon which plaintiff bases her claim is found in Article Tenth of the second codicil, which reads:

"I hereby nominate and appoint The Louisville Trust Company, Louisville, Kentucky, Executor of this my Last Will and Testament, and direct that no surety be required of it upon its official bond as such Executor. I direct that my said Executor shall pay out of the principal of my estate, any and all governmental charges, taxes or liens imposed upon my estate or the interests of any beneficiaries under my will and codicils thereto by any law of any state or country relating to the transmission of property by descent or devise as the same are found to be payable and are fixed and levied by the proper authorities in the course of the administration of my estate, without any deduction from or charge against the separate legacies or inter-

ests of any of the beneficiaries under my said will and codicils thereto, and my executor may at its option pay the same as levied and assessed, without questioning the propriety of such levy or assessment, and the decision of my executor and the payment thereof shall be binding and conclusive upon all of my heirs, legatees, devisees and beneficiaries under my said will and codicils thereto.''

It is uncontroverted that all federal taxes on the estate of William Monroe Wright, including the $250,000 fund, were paid in the course of administration of his estate. The taxes here in controversy were paid by the executor of the estate of his widow six years after the death of William Monroe Wright.

■ An estate tax is a tax upon the right to transmit property. When Georgia Owen Wright exercised the power of appointment she effected the transmission of property, which constituted an incident upon which the tax against her estate was based. In determining what interest should be included for federal estate tax purposes in the donee's gross estate upon the death of a donee of a general power of appointment, our federal Supreme Court held, in the *Estate of Rogers v. Commissioner of Internal Revenue,* 320 U. S. 410, that the tax resulted from ''exercising the privilege of directing the course of the property.'' In the case at bar the will directs the executor of the estate of William Monroe Wright to pay out of the principal of *''my estate* any and all governmental charges, taxes, etc., . . . as the same are found to be payable and are fixed and levied by the proper authorities in the course of administration of my estate.''

■ ■ The taxes here involved were ''fixed and levied'' in the course of the administration of another estate, namely, that of Georgia Owen Wright. In order to vary the incidence of the federal estate tax from that made by law, the direction of the testator must be

clear and in case of doubt should be left where the statute has placed it. (See *United States Trust Co. of New York v. Sears,* 29 F. Supp. 643.) We think the words ''all governmental charges, taxes,'' as they appear in the context with ''my estate'' mean taxes paid by the executor of the estate of William Monroe Wright before it was closed. In our view this interpretation is further strengthened by the provision of the testator's will which directs ''my executor may at its option pay the same (charges and taxes) as levied and assessed without questioning the propriety of such levy or assessment'' for the reason that the foregoing provision confers upon the executor a broad discretion in the matter of payment of charges and taxes. The construction contended for by plaintiff would necessarily result in delaying the closing of the estate of William Monroe Wright until his widow died and withholding from distribution to defendant as residuary legatee of his father's estate a sufficient amount to meet federal taxes levied after Mrs. Wright's death. Since the amount of the tax would depend upon the size of Mrs. Wright's estate at the time of her death, the amount to be withheld and the period of withholding would both be uncertain. Thus the estate of William Monroe Wright would be subjected to a tax over which the executor would have virtually no control. Moreover allowance of plaintiff's claim would in effect subject the estate of William Monroe Wright to a double federal tax on the fund in question.

Plaintiff's main contention is that she takes under the will of William Monroe Wright with the same effect as if she had been named as one of the beneficiaries in the instrument. We are not unmindful of the doctrine announced in *People v. Kaiser* [306 Ill. 313] and other cases, that a fund received under a power of appointment is a bequest under the will of the donor of the power. But here we are dealing with the intent

356

manifested by the language of the will. In his will the testator states that "the decision of my executor and the payment thereof shall be binding and conclusive upon all of my heirs, legatees, devisees and *beneficiaries* under my said will." The principal beneficiaries were the testator's widow and son. Application of the doctrine in *People v. Kaiser,* that property passing pursuant to the exercise of a power passes under the instrument creating the power, would frustrate the plainly expressed intention of the testator by making persons beneficiaries under his will who are not named in the will, lack consanguinity, and so far as the record shows, except for plaintiff, were all strangers to the testator.

We have not discussed the other issues presented or suggested in the briefs, since that has not been necessary to a disposition of the cause.

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*

BURKE, P. J., and KILEY, J., concur.