*726 OPINION.
Love:
The petitioner contends that the transfer of certain shares of stock of the City National Bank of Dallas to Mrs. Elizabeth Bacon, as detailed herein, was effectuated during the lifetime of its decedent and therefore that the value of such shares can not properly be included in the decedent’s gross estate. The transfer during the decedent’s lifetime is alleged to have been effected by an instrument reading as follows:
I hereby state that I have this day sold to Mrs. Elizabeth Bacon for a sum of money which I have this day received from her three hundred (300) shares of bank stock of The City National Bank of Dallas, Texas, [39 words] same to be transferred to her within ten days from the date of my death [15 words]. (Parenthesized words added.)
The petitioner asks that the first thirty-nine words of this instrument be accepted as a complete conveyance of title to the said shares; the last fifteen words to be taken merely as an instruction as to the time that the transfer should be recorded on the stock books of the Bank.
Considering all the attendant facts, we believe that the chief merit of this somewhat specious argument lies in its ingenuity. That the decedent was a man of considerable business acumen is evident from the whole record. His intent that the “ sale ” to Mrs. Bacon should take effect after his death is to our minds well evidenced by his retention of the dividend paid to him on the stock on April 1, 1922. The “ sale ” was as he described it a “ bargain ” and we believe it no reflection on his generosity to old friends that he should, as he did, postpone the transferee’s enjoyment of the stock until his death.
There is no evidence that the transferee in her suit to enforce the provisions of the instrument quoted asserted any right to ownership of the stock before Pires’ death or to such dividends as accrued prior to that event. This indicates a construction of the instrument by the transferee similar to that given it by the decedent, *727 and we think taken jointly with the latter, evidences the understanding of the parties.
In view of the foregoing, we shall not discuss the provision of section 402 (c) of the Revenue Act of 1921, that a “ transfer * * ⅜ except in case of a bona fide sale for a fair consideration in money or money’s worth * * * made by a decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death * * Nothing in the record can be taken to establish that the transaction discussed would not in any event fall under the restrictions of this section.
It follows that the respondent’s inclusion in the gross estate of such of the stock of the Bank as passed to Mrs. Bacon by reason of the instrument of January 16, 1922, and the subsequent compromise of her action against the executors of the estate of L. A. Pires, is approved.
The petitioner contends that the bequest to the Masonic Bodies is deductible as a bequest to charitable and educational uses under section 403 (a) (3) of the Revenue Act of 1921, which provides:
Sec. 403. That for the purpose of the tax the value of the net estate shall be determined—
(a) In the ease of a resident, by deducting from the value of the gross estate—
*******
(3) The amount of all bequests, legacies, devises or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, *. * * or to a trustee or trustees exclusively for such religious, charitable, scientific, literary or educational purposes. This deduction shall be made in case of the estate of all decedents w-ho have died since December 81, 1917; ⅜ * * (Italics ours.)
The petitioner especially depends upon the italicized portion of section 403.
In denying the deduction of the bequest to the Masonic Bodies the respondent’s deficiency letter states:
While it may be true that the funds bequeathed the Masonic Bodies will be used for charitable purposes, yet, under the will, the bequests are not restricted to charitable uses and may be used for the general purpose of the bodies. In view of this fact, no adjustment is made.
A jury in the District Court in Dallas County decided the issue of fact, contested in that court, that the Masonic Orders here involved were and are purely charitable institutions. That decree, however, being on an issue of fact, and not one of substantive law, is not binding on this Board.
We must look into the situation, de novo, and determine whether or not those orders meet the requirements of the Federal tax statutes. *728 The deductions allowed by section 403 (a) (8) of the Revenue Act of 1921, consist of “ bequests, legacies, devises or transfers * * * to or for the use of any corporation .organized and operated exclusively for religious, charitable, scientific, literary or educational purposes.” It is evident that the orders here involved do not come within any of the classes named, unless it be that of “ charitable.”
It will be noted that the decedent’s will does not limit his bequests to charitable purposes, but simply bequeaths one-fourth of the residue of his estate to the eight Masonic Orders of which he was a member. We must therefore look to the organic laws of those orders to determine their purposes. . The organic purposes of “ The Supreme Council ” (Mother Council of the World) are for the promotion of fraternal and benevolent virtues. The organic purposes of the subordinate lodges, those here involved, are similar to those of the “ Mother Council,” that is, “ for charitable and benevolent purposes, and to cement the bonds, of good fellowship and brotherly love among its members and adherents.”
Benevolence is not charity. The promotion of the bonds of good fellowship and brotherly love is not charity. Such endeavors, such purposes, are noble in character and worthy of the patronage of the noblest of humankind, but they are not charitable in the sense contemplated by the tax statutes. The tax statutes limit deductions to organizations whose purposes are exclusively charitable (aside from those clearly not to be considered here) and therefore such organizations as strive to accomplish charitable as well as other purposes, however noble in character those other purposes may be, do not meet the requirements of the statutes.
We must therefore approve the action of the Commissioner in disallowing the claimed deductions in respect to bequests to those Masonic Orders. See Appeal of Bert R. McReynolds, 1 B. T. A. 815.

Judgment will be entered under Bule 50.