## LEVEY v. SMITH.
### No. 6737.

Circuit Court of Appeals, Seventh Circuit.
April 12, 1939.

Joseph J. Daniels and G. R. Redding, both of Indianapolis, Ind., for appellant.

S. Dee Hanson, of Washington, D. C., and Val Nolan, of Indianapolis, Ind., for appellee.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiff prosecutes this appeal from the judgment of the District Court rendered in

an action to recover a claimed refund of federal estate taxes which plaintiff contends were erroneously and illegally assessed against and collected from her.

The cause was submitted to the District Court for hearing and decision upon complaint and answers thereto, and evidentiary facts as stipulated.

Louis H. Levey died testate and the plaintiff is the duly qualified executrix of his last will and testament. By appropriate language in his will decedent provided for the establishment of a trust with a trust res of $400,000. The trust will terminate at the death of the widow of testator and the trust assets then will be distributed to certain named beneficiaries. The following excerpt from the will is sufficient for our discussion:

"The trust hereby created shall cease and determine upon and with the death of my said wife, and thereupon the securities then constituting said trust fund shall be made over, conveyed, assigned and delivered, by title absolute and free from all trusts, to the following corporations in the following percentages, viz.:

"To Adoniram Grand Lodge of Perfection, Ancient Accepted Scottish Rite, N. M. J., a corporation of the State of Indiana, * * *.

"To The Methodist Episcopal Hospital and Deaconess Home of the State of Indiana, a corporation of the State of Indiana, * * *.

"To Wabash College, a corporation of the State of Indiana, located at Crawfordsville, Indiana, * * *.

"To The James Whitcomb Riley Memorial Association, a corporation of the State of Indiana, * * *."

Plaintiff, executrix, included a deduction in her estate tax return for the amount of the bequest to Adoniram Grand Lodge basing such deduction on Section 303(a) (3) of the Revenue Act of 1926, as amended.[1] Thereafter a deficiency in the amount of $25,008.92, tax and interest, was assessed on the ground that the deduction was not allowable under Section 303(a) (3). Plaintiff paid the assessment and filed a claim for refund, which was denied by the Commissioner. Thereupon plaintiff began suit to recover the claimed refund.

Section 303 contains the following pertinent language:

"For the purpose of the tax the value of the net estate shall be determined in the case of a citizen or resident of the United States by deducting from the value of the gross estate— * * *

"(d) The amount of all bequests * * * to * * * a fraternal * * * order, or association operating under the lodge system, but only if such contributions or gifts are to be used by * * * such fraternal * * * order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes * * *."

█ It is agreed that Adoniram Lodge is a fraternal order or association operating under the lodge system and that the Lodge engages in activities and functions which are not charitable, religious or educational. Consequently, plaintiff, executrix, was entitled to the claimed deduction only if the bequest is to be used by the Lodge for educational, religious or charitable purposes. And our inquiry actually reduces to determining (1) what is meant by the requirement that bequests are deductible "only if such contributions or gifts are to be used" by the donee "exclusively for religious, charitable, * * * or educational purposes," and (2) what must be said or done by the testator in reference to the bequest to make effective the right to deduction under the foregoing language.

The defendant insists that the language of the bequest must disclose the intention of the testator to devote the gift to educational, religious or charitable purposes. Plaintiff, while insisting that such an intent can be discovered in the language of the will, urges that it is sufficient if it can be shown that the gift is to be used by Adoniram Lodge "exclusively for religious, charitable, * * * or educational purposes." Plaintiff, however, assumes that the language "but only if such contributions or gifts are to be used * * *" requires that the lodge be under a legal duty to hold the gift in trust for religious, charitable or educational purposes.

█ In our opinion the language of Section 303 authorizes a deduction of the amount of contributions and gifts to a trustee or trustees, or to an association operating under the lodge system only in case the gifts or contributions are "bequests, legacies, devises, or transfers" to be used exclusively for one or more of the

---

[1] 26 U.S.C.A. § 412(d).

named philanthropic purposes. The right to a deduction depends upon what a testator has willed respecting the use of a legacy and not upon the use which a legatee is willing to make of it. It is the theory of the estate tax statute that the entire estate interest which passes at death is to be used as the basis of the estate tax except to the extent that the law allows deductions. The statute gives to a testator the power to reduce the interest which will be subject to the estate tax. In Young Men's Christian Ass'n v. Davis [2] the Supreme Court stated the thought thus:

"Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him: 'If you will make such gifts, we will reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give.'"

In Ithaca Trust Co. v. United States [3] the Supreme Court emphasized the conclusiveness of the expressed intent of the testator in the determination of the amount of deduction for gifts to charity. In that case the residue of the estate of the testator was given in trust for the use of his wife for life, the trustee having authority to use from the principal any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys." Upon her death the trust fund became bequests in trust for admitted charities. She died six months after the death of her husband. The value of the gifts which would eventually go to charity obviously depended upon the extent of the diminution of the corpus during the lifetime of the widow. Consequently, to determine the amount of deduction allowable for gifts to charity it was necessary to estimate the probable diminution of the corpus, and if the death of the wife had not occurred until after the payment of the estate tax, clearly the amount of the diminution would have been estimated by the use of mortality tables showing "the probabilities as they stood on the day when the testator died."

The court discussed and disposed of this question as follows:

"The first impression is that it is absurd to resort to statistical probabilities when you know the fact. But this is due to inaccurate thinking. The estate so far as may be is settled as of the date of the testator's death. * * * The tax is on the act of the testator not on the receipt of property by the legatees. * * * Therefore the value of the thing to be taxed must be estimated as of the time when the act is done. * * * Tempting as it is to correct uncertain probabilities by the now certain fact, we are of opinion that it cannot be done, but that the value of the wife's life interest must be estimated by the mortality tables."

The Supreme Court gave effect to the expressed intent of the testator as applied to the situation at the date of his death. It was the testator's intention that the amount to be used for charities should be the corpus of the trust less a sum which would depend in part upon the life expectancy of the widow. Due to her early death the amount which in fact would be used for charities was larger than the amount which was determinable in accordance with the testator's intention; but the testator's expressed intention governed.

■ It follows from the foregoing that the amount of deduction cannot exceed the amount which the testator intends to bequeath to be used for philanthropic purposes, the intention as to amount being governed by the situation at the time of the testator's death. If in the instant case the testator's will had allotted one-half of the bequest to non-charitable purposes and one-half to charities, the deduction allowable could not have been increased by the Lodge's declaration of intention to use the entire bequest for charitable purposes.

■ We approve the following statement of the meaning of the section in question found in the opinion of the Circuit Court of Appeals for the Eighth Circuit in Mississippi Valley Trust Co. v. Commissioner: [4]

"The meaning of this language is that the testator and he alone must provide for the charitable bequest. It means that the provision by the testator must be one that is definite in ascertainment and that is

---

[2] 264 U.S. 47, 50, 44 S.Ct. 291, 292, 68 L.Ed. 558.

[3] 279 U.S. 151, 155, 49 S.Ct. 291, 73 L.Ed. 647.

[4] 72 F.2d 197, 199.

legally enforceable; it must possess the qualities of a definite command which will define the legal rights of all parties to the property intended to be affected.

"As to certainty of statement by the testator, the requirement is not that every feature of the designation by him must be set out, but it is that he must set out sufficient so that from the things so designated the entire, matter may be made certain."

Plaintiff relies especially upon Brown v. Commissioner of Internal Revenue.[5] In that case the pertinent parts of a deed of trust are as follows:

"'At the decease of the Settlor said Trustees shall pay over the capital or principal of said Trust as follows, to wit: * * *

"'IX. The balance of the capital or principal of said Trust shall be distributed in such way or manner, and at such time or times, and in such proportions and upon such conditions as said Trustees or the survivors of them may, in the exercise of their sole and uncontrolled judgment, deem to be wise and best, bearing in mind the ideals of said Settlor with reference to the ownership of money and to the ideas on the general subject as expressed by him from time to time.'"

The trustees expended a sum of money for the purpose of erecting a memorial church near the home of deceased in memory of him and his wife. This was done in accordance with conclusions reached immediately after the settlor's death at a conference of the trustees and the rector and vestry of the church. The Board of Tax Appeals upheld the action of the Commissioner of Internal Revenue in refusing to allow a deduction in the amount of the expenditure for the memorial church. It was the opinion of the Board of Tax Appeals that the language under which the discretion of the trustees was to be exercised did not require expenditure of any of the fund for a charitable purpose, and that there was no indication of any charitable intent on the part of decedent.

The Circuit Court of Appeals stated in its opinion that the testimony, which was uncontradicted, was "amply sufficient to establish the fact that the building of the memorial church did constitute one of the settlor's ideals as to 'the ownership of money,' and that it was in line with his 'ideas on the general subject.'"

We are not persuaded of the soundness of the reasoning or the correctness of the result reached in the foregoing case; but under the court's construction of the language of the trust it follows that the settlor of the trust required the trustees to devote funds for a particular purpose, which previously had been made known to the trustee and which purpose was a charitable one. The language of the will in the instant case, however, which bequeaths the legacy to the Lodge, contains no suggestion that the Lodge is to apply the gift to any charitable purpose; nor is there any language to suggest that the testator had indicated to the Lodge, the legatee, that the testator had the slightest desire to control or direct the Lodge in the use it should make of the bequest. In Brown v. Commissioner, supra, the language of the trust instrument definitely sets up a trust and employs language which, in view of information already given to the trustees by the testator, reveals the charitable purposes of the trust.

As indicated above we think that the deduction must be based upon a bequest of property to be used exclusively for religious, charitable or educational purposes. The language of the will reveals a bequest of a definitely ascertainable legacy to Adoniram Lodge. But the gift is "by title absolute and free from all trusts." In order to establish that the legacy was intended to be used exclusively for charitable purposes it is necessary to resort to parol evidence; and to establish such fact the evidence at least must show that the testator had communicated to the legatee the information that such bequest was being made to the legatee as a trustee subject to an obligation to apply the legacy to charitable purposes. The facts must be such that the failure of the legatee to use the gift for educational, religious or charitable purposes will constitute a breach of a legal duty created by the act of acceptance of the trust res under conditions imposed by the testator. There is no evidence in the instant case, written or oral, that the testator made any statement to any one indicative of an intention that the gift in question should be used for educational, religious or charitable purposes. There is no evidence that the legatee was at any time informed by the testator that it would be named as a legatee in his will.

The District Court found that approximately a year after the death of the testator the Lodge at a regular meeting unanimously "resolved, that said securities, when so received by this Lodge, and all income therefrom and proceeds thereof received by this Lodge, shall be used exclusively for the fraternal purposes of the Masonic Order which are charitable, religious, and educational in nature."

Preliminary to the adoption of the foregoing resolution a member of the Lodge reported that the Lodge was one of the ultimate beneficiaries under the will of the testator and further reported "that consistent with the custom of this Lodge to use all property received by it as bequests from departed brothers exclusively for the fraternal purposes of the Masonic Order which are charitable, religious and educational, which custom was well known to Brother Louis H. Levey, that a resolution should be adopted stating the use to which the same will be devoted."

The foregoing recital of the action of the legatee indicates an intention of the legatee that the securities when received, and all income therefrom, etc., shall be used exclusively for fraternal purposes, which are educational, religious and charitable in nature. The resolution does not state that its declaration of intention to use the gift for the purposes stated in the resolution rests upon, or is induced by, any expression of any desire by the testator that it be so used. It is true that a member of the Lodge "reported that consistent with the custom" of the Lodge to use bequests from departed brothers exclusively for the fraternal purposes of the Masonic order, which custom was known to the testator, a resolution should be adopted "stating the uses to which the same will be devoted." But there is no finding of fact that there was such a custom and that it was known to the testator. But even if we were to give to the recital the effect of such a finding, we do not think that such facts would be sufficient, taken in connection with the language of the will, to create a charitable trust which would impose upon Adoniram Lodge the legal duty to treat the legacy as a gift exclusively for educational, religious or charitable purposes.

Plaintiff urges that the statutory test "is the use to which the property is to be put." In our view the test is: For what purpose is the property devised? Consequently, a declaration by the donee that property will be used for a charitable purpose cannot determine the use for which it was bequeathed. It is the act of the testator [6] that determines, for purposes of deduction, whether gifts or contributions which have been bequeathed to a legatee "are to be used" exclusively for religious, charitable and educational purposes. We do not hold that parol evidence is not admissible for the purpose of showing that a bequest, absolute on its face, was in fact intended by the testator and understood by the legatee to be burdened by a trust. But such evidence to be material must relate to words or acts of the testator and must tend to disclose the purpose of the testator in using the testamentary language. Even in Brown v. Commissioner, supra, the holding of the Circuit Court of Appeals was based upon the conclusion that the parol evidence established that the testator had informed the trustees of the purpose for which he wanted part, at least, of the funds left in trust to be used, and thus revealed the purpose of the trust which admittedly the will provided for. In the instant case the language of the bequest shows a gift "by title absolute and free from all trusts," and no parol evidence was available to show that the testator had at any time expressed, or communicated to the legatee, any intention that the legatee devote all or any part of the gift to any particular purpose. In the absence of any such evidence it was impossible for the District Court to conclude that the intention of the testator was otherwise than the language of the will definitely stated it to be; and there was no basis for the District Court's imposing the legal burden of a trust upon the Lodge even if the present members, influenced by a commendable desire to carry out what they believed to be the unexpressed wish of the testator, were willing that the gift, when finally received by the Lodge, should be used exclusively for religious, educational or charitable purposes.

The judgment of the District Court is affirmed.

---

[6] Ithaca Trust Co. v. United States, supra.