*Decision will be entered under Rule 50.*

Estate of Josephine Palmer Taylor, Dean Palmer and Theodore D. Palmer, Executors, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 93289. Promulgated August 8, 1939.

*John A. Conlin, C. P. A.,* for the petitioner.
*Harold F. Noneman, Esq.,* for the respondent.

OPINION.

Sternhagen: The Commissioner determined a deficiency of $2,958.02 in estate tax. The proceeding was submitted entirely upon a stipulation of facts.

The decedent died February 24, 1936, leaving a will which contained the following provision:

Second: I give and bequeath unto my executors and trustees hereinafter named, and to the survivor or survivors of them, the sum of three thousand dollars, in trust, nevertheless, for the purpose of establishing a memorial to my dearly beloved father and mother. I also give and bequeath unto my said executors and trustees, and to the survivor or survivors of them, the sum of three thousand dollars, in trust, nevertheless, for the purpose of establishing a memorial to my late husband, Charlie, unless I shall have attended to it

during my lifetime, giving to them, and to the survivor or survivors of them, full discretion as to the character of the memorials.

The executors, acting under this article of the will, paid to the rector, wardens, and vestry of Grace Church, Orange, New Jersey, two sums of $3,000 each, and it is stipulated that Grace Church is organized and operated exclusively for religious purposes. The petitioners contend that the $6,000 is properly deductible under Revenue Act of 1926, section 303 (a) (3), which provides for the deduction of bequests:

\* \* \* to a trustee \* \* \* but only if such contributions or gifts are to be used by such trustee or trustees \* \* \* exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. \* \* \*

There is nothing in the will which restricts the trustees in their use of the bequest as to the nature, kind or type of "memorial" which they are to establish for either the decedent's parents or her husband. The word "memorial" does not itself connote any limitation within the language of the statute. It means only something to perpetuate a memory. Conceivably and reasonably a memorial might have been adequately and satisfactorily established without any religious, charitable, scientific, literary, or educational purpose. It happens that the trustees, in their discretion, contributed the legacies to a religious organization; but this was not by virtue of any limiting mandate of the will. *Mississippi Valley Trust Co.* v. *Commissioner*, 72 Fed. (2d) 197, affirming 28 B. T. A. 387; certiorari denied, 293 U. S. 604; rehearing denied, 293 U. S. 631.

*John Markle et al., Executors*, 28 B. T. A. 201, is not controlling because it was held there that the language of the will itself, to say nothing of the extrinsic evidence, gave a sufficient indication of the intention of the testator to justify recognizing the bequest as one for a charitable use. Here there is nothing whatever in the will from which any qualification could be inferred as to the memorial to be established.

The determination of the Commissioner is sustained.

*Decision will be entered for the respondent.*