**Joseph A. LANGFITT, Jr., Executor under the Will of Caroline O. Markel, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 69–672.**

United States District Court,
W. D. Pennsylvania.

Dec. 28, 1970.

Miller, Entwisle & Duff, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge.

This action is brought by the executor of the estate of Caroline O. Markel to recover federal estate taxes alleged to have been wrongfully collected by the Internal Revenue Service. The decedent, a resident of Pittsburgh, Pennsylvania, died testate on June 19, 1965. Plaintiff, the duly qualified executor of the estate, timely filed a federal estate tax return wherein he reported no federal estate taxes payable. Upon auditing the return, the Commissioner of the Internal Revenue Service, through his agents, disallowed a charitable deduction to which plaintiff had asserted the estate was entitled by virtue of Paragraphs 4 and 5 of the Will. A deficiency was assessed. Plaintiff paid the deficiency with interest, filed a timely claim for refund with the Internal Revenue Service, and instituted the instant action in this Court to recover a tax erroneously collected. Jurisdiction exists under 28 U.S.C. § 1346.

Defendant filed an Answer to the Complaint, a Stipulation of Facts was filed, and the matter subsequently was heard non-jury by this member of the Court. Upon review of the pleadings, Stipulation of Facts, testimony adduced at trial and the law applicable herein, the Court concludes that judgment must be entered in favor of the defendant.

The essential facts are these. The decedent executed her Will on December 12, 1964, providing for numerous specif-

ic bequests in Paragraph 3 thereof and bequeathing the residuary in Paragraphs 4 and 5 as follows:

"4. I give and bequeath the residue of my estate to the Trustees hereinafter named, in trust however, to create a fund to be called the 'Clyde Markel Fund'. Said Trustees shall invest its fund in prudent securities and use the income therefrom to pay the initiation fees and dues for students who have been pledged to join the Phi Delta Fraternity but cannot afford such costs. Should said Trustees ever determine that there is no longer need for such trust, they shall remit such fund to the General Council of said Fraternity.

5. I appoint Harbaugh Miller, Esquire, Humbert Bianchi and Joseph A. Langfitt, Jr. Esquire, all of Pittsburgh, Pennsylvania, Trustees of the above named fund, and give to them the power of self perpetuation."

It is agreed by the parties that, in referring to "Phi Delta Fraternity," the decedent clearly intended to designate the organization properly known as Phi Delta Theta Fraternity.

The Phi Delta Theta Fraternity was founded at Miami University, Oxford, Ohio, in 1848. It was incorporated under the laws of the State of Ohio on March 12, 1881. The purposes of the Fraternity include "literary improvement and social culture" as well as other purposes typical of college fraternities. The Fraternity has applied for and been granted an exempt status, for purposes of the federal income tax, as a social and recreational association. However, it has never sought an exemption as a charitable or educational institution.

The decedent died on June 19, 1965. Thereafter, on January 18, 1966, the Trustees named in Paragraph 5 of the Will conducted an organizational meeting wherein they adopted and reduced to writing regulations to govern the administration of the trust established in Paragraph 4 of the Will. By the regulations, the Trustees provided that stipends would be paid from the income of the trust fund to various chapters of the Fraternity upon appropriate applications being submitted by the Presidents or Treasurers thereof. Under the trust regulations, grants were to be sought on behalf of particular members and/or pledges of the various chapters, and the applications were to include statements as to the needs of such persons for financial assistance in paying their dues and/or initiation fees.

Plaintiff filed his first and final account as executor of the estate of the decedent in the Orphans' Court of Allegheny County, Pennsylvania. At the audit, conducted on September 18 and October 23, 1967, the individual Trustees under the Will presented a "Petition for Award of Residue to Phi Delta Theta Educational Foundation." It was alleged in said Petition that ascertainment of those members and pledges of the Fraternity needing financial assistance in the payment of their dues and initiation fees was a task beset with difficulties so great as to render administration of the trust impractical if not impossible. Accordingly, the Trustees requested that they be relieved of the duty of administering the trust in the manner provided in Paragraph 4 of the Will and asked that the residue of the estate be awarded, in lieu thereof, to the Phi Delta Theta Educational Foundation.

In the Orphans' Court proceeding, an appearance was entered by the Attorney General of the Commonwealth of Pennsylvania. The United States was not a party, although counsel for the Internal Revenue Service was present as an observer. The Orphans' Court received the testimony of the Executive Secretary of Phi Delta Theta, one of the original trustees of the Phi Delta Theta Educational Foundation, and the plaintiff. Thereafter, on October 23, 1967, the Orphans' Court granted the Trustees' Petition, stating in its Order as follows:

"And now to wit this 23rd day of October, 1967, upon consideration of the foregoing petition and after hearing, it appearing to the court that the ad-

ministration of the residue of the decedent's estate by individual trustees, as provided in Paragraphs Four and Five of her will, is either impossible or impractical and that the intent and purpose of the Testatrix would be better and more effectively served by having the fund administered by the Trustees of the Phi Delta Theta Educational Foundation, a non-profit corporation organized under the Ohio Non-Profit Corporation Law, and whose purpose is substantially the same as the purpose of the Testatrix, therefore, it is ordered and decreed that the residue of the estate of Caroline O. Markel be awarded to the Trustees of the Phi Delta Theta Educational Foundation and that the Decree of Distribution in this estate be so drawn. The fund shall be known as 'Clyde Markel Fund'. Said Fund shall be administered in accordance with the requirements of the Ohio Revised Code—2109.37 and 2109.371 or such substitute statutes that are subsequently enacted."

The Phi Delta Theta Educational Foundation was incorporated in Ohio under the Ohio Non-Profit Corporation Law, and its purpose is stated in its Articles of Incorporation as follows:

"The purpose for which this corporation is formed is to provide for the advancement of learning, particularly in colleges and universities in which chapters of the Phi Delta Theta Fraternity are active, through the granting of scholarships or other aid to deserving students in such colleges and universities and through the extension of financial or other aid in furtherance of educational activities conducted at such colleges or universities."

At the time of the testatrix's death, the Phi Delta Theta Educational Foundation had been determined by the United States Treasury Department to be a charitable and educational organization within the meaning of the Internal Revenue Code of 1954.

Section 2055 of the Internal Revenue Code of 1954, 26 U.S.C. § 2055, is the federal estate tax provision governing the right to a charitable deduction. It provides, in relevant part:

"(a) In general.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

(1) * * *

(2) to or for the use of any corporation organized and operated exclusively for religious charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

(3) *to a trustee or trustees,* or a fraternal society, order, or association operating under the lodge system, *but only if such contributions or gifts are to be used by such trustee or trustees,* or by such fraternal society, order, or association, *exclusively for religious, charitable, scientific, literary, or educational purposes,* or for the prevention of cruelty to children or animals, and no substantial part of the activities of such trustee or trustees, or of such fraternal society, order, or association, is carrying on propaganda, or otherwise attempting, to influence legislation; or

* * *." (Emphasis supplied.)

A fundamental question to be resolved is whether local or general law is to be applied in determining whether the testatrix has made a gift to be used "exclu-

sively for religious, charitable, scientific, literary, or educational purposes" within the meaning of Section 2055. The Court of Appeals for the Third Judicial Circuit considered a similar problem in the case of Mutual Fire Insurance Co. of Germantown v. United States, 142 F.2d 344 (3d Cir.1944). In that case, the taxpayer sought a recovery of income taxes on the ground that it was a "mutual" fire insurance company, and, therefore, was entitled to a deduction for certain premium deposits under Section 101 (11) of the Internal Revenue Code of 1938. As to whether local or general law properly was to be applied in determining what constituted a "mutual" fire insurance company, the Court stated at pp. 345–346:

"Neither the Revenue Act of 1938 nor the prior revenue laws define what is meant by a 'mutual' fire insurance company nor do they specify the tests to apply in determining whether a taxpayer is a mutual fire insurance company. The taxpayer urges that when the taxing act is silent the local law must determine and that by the law of Pennsylvania it is a mutual fire insurance company. When to apply the local law in construing federal taxing acts and when not to do so is a problem which continues to perplex the courts. *It is settled that local laws are determinative if the taxing act so provides, either expressly or by inference. Subject to this exception the admonition in Burnet v. Harmel, 1932, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199, that the taxing act 'is to be interpreted so as to give a uniform application to a nation-wide scheme of taxation' still holds good.*" (Emphasis supplied.)

Applying the aforequoted principles, the Court found that general law was applicable.

■ The same conclusion is warranted here. Subsections (a) (2) and (3) of Section 2055 provide neither expressly nor by inference that local law is to govern what constitutes a gift to be used "exclusively for religious, charitable, literary, or educational purposes." Accordingly, general law rather than local law has been applied to determine whether a bequest was charitable within the meaning of Section 2055 and its predecessor provisions in the following cases: Sharpe's Estate v. Commissioner of Internal Revenue, 148 F.2d 179 (3d Cir.1945); Girard Trust Co. v. Commissioner of Internal Revenue, 122 F.2d 108 (3d Cir.1941); Mississippi Valley Trust Co. v. Commissioner of Internal Revenue, 72 F.2d 197 (8th Cir.1934); Commonwealth Trust Co. of Pittsburgh v. Granger, 57 F.Supp. 502 (W.D.Pa. 1944); Krohn v. United States, 246 F. Supp. 341 (D.Colo.1965); and Hammerstein v. Kelley, 235 F.Supp. 60 (E.D. Mo.1964).

Paragraph 4 of the Will of the testatrix creates a testamentary trust. The intended object and beneficiaries of the trust are set forth with unmistakable clarity. It is stated that the "Trustees shall invest its fund in prudent securities and use the income therefrom to pay the initiation fees and dues for students who have been pledged to join the Phi Delta Fraternity but cannot afford such costs." If the Trustees determine that there is no longer a need for such a trust "they shall remit such fund to the General Counsel of said Fraternity."

An incorporated intercollegiate fraternity is not, per se, a corporation organized and operated "exclusively for religious, charitable, scientific, literary, or educational purposes." Davison v. Commissioner of Internal Revenue, 60 F.2d 50 (2d Cir.1932); Appeal of Francis Cooley Hall, 2 B.T.A. 931 (1925); Earl King v. Commissioner, 9 B.T.A. 499 (1927). In the *Davison* case, *supra,* the taxpayer sought a deduction for federal income tax purposes of certain gifts to the Adelphic Literary Society of Wesleyan University, the members of which all were members of the Wesleyan Chapter of Alpha Delta Phi, an intercollegiate fraternity. Determining that the gifts

were not deductible, the Court stated at 60 F.2d 51:

"The society promotes 'the intellectual and moral improvement of its members' not only by their literary meetings, but also by their social intercourse in living and eating together, and these social aspects seem to play a much larger part in the society's use of its building than do the literary and educational activities. In substance, the purposes and operations of the society are indistinguishable from those of the college fraternity, and such fraternities are not per se within the statutes." (Citations omitted.)

In the instant case, plaintiff has offered no evidence to demonstrate that the purposes of Phi Delta Theta Fraternity are any different than those normally attributed to intercollegiate fraternities in general. Therefore, had the bequest been made for the benefit of the Fraternity itself, it would not have been deductible under Section 2055 of the Internal Revenue Code.

■ The instant bequest was made not for the benefit of Phi Delta Theta itself but rather, in trust, for the benefit of members and pledges of the Phi Delta Theta who needed financial assistance to pay dues and initiation fees of the Fraternity. However, this distinction is not material. The purpose of the trust was to afford to certain college students who otherwise might have been precluded for want of financial resources the opportunity to join Phi Delta Theta. Indeed, this was an act of benevolence. But, however benevolent, "(t)he promotion of the bonds of good fellowship and brotherly love is not charity." City National Bank of Dallas, Exr., 16 B.T.A. 719, 728 (1929). Nor can the bequest for the benefit of individual members of the Fraternity, any more than a gift to the Fraternity itself, be deemed to have an educational purpose.

At the hearing in this Court, plaintiff, who was the scrivener of the testatrix's Will, testified as to the discussions between himself and the testatrix which led to the disposition of the residuary of her estate as provided in Paragraphs 4 and 5. The language of the Will is clear and unambiguous, and the propriety of going beyond the four corners of the instrument might well be questioned. In any event, the parole evidence suggested no different intention than had been expressed in the Will. The husband of the testatrix had made a specific bequest to Phi Delta Theta. She wished to honor his memory by fostering his known interest. Accordingly, she similarly chose to benefit members of Phi Delta Theta Fraternity.

■ Arguably, the Orphans' Court found by necessary implication that the trust created was a charitable trust. Pursuant to Section 10 of the Pennsylvania Estates Act of 1947, 20 P.S. § 301.10,[1] the Orphans' Court was bound to make a preliminary determination that the trust created was for a charitable or religious purpose before applying the doctrine of cy pres to alter the manner of its administration. See also Stephan's Estate, 129 Pa.Super. 396, 195 A. 653 (1937). However, the determination of the Orphans' Court is not bind-

---

1. § 301.10 Administration of charitable estates

Except as otherwise provided by the conveyor, if the charitable purpose for which an interest shall be conveyed shall be or become indefinite or impossible or impractical of fulfilment, or if it shall not have been carried out for want of a trustee or because of the failure of a trustee to designate such purpose, the court may, on application of the trustee or of any interested person or of the Attorney General of the Commonwealth, after proof of notice to the Attorney General of the Commonwealth when he is not the petitioner, order an administration or distribution of the estate for a charitable purpose in a manner as nearly as possible to fulfill the intention of the conveyor, whether his charitable intent be general or specific. 1947, April 24, P.L. 100, § 10.

ing here. As stated in Sharpe's Estate, *supra,* 148 F.2d at 181:

"The local law determines whether a charitable trust has been created, of course. But the taxability of the estate is not a matter of local law, but turns on the question whether the particular gift is within the exemption of the federal statute."

See also 2 Beveridge, Law of Federal Estate Taxation, § 15.02.

It is concluded that the testatrix did not by the terms of her Will create a trust to be used by the trustees "exclusively for religious, charitable, scientific, literary, or educational purposes" within the meaning of Section 2055 of the Internal Revenue Code of 1954. However, the Court must consider the effect, if any, to be given to the decision of the Orphans' Court which, by application of the doctrine of cy pres, awards the residue of the estate to the Phi Delta Theta Educational Foundation.

The Phi Delta Theta Educational Foundation was established for the purpose of granting scholarships or other aid to deserving students in colleges or universities where Phi Delta Theta Fraternity maintains active chapters and also for the purpose of extending financial or other aid in furtherance of educational activities conducted at such colleges and universities. The student financial aid is not limited to members of the Phi Delta Theta Fraternity and can be sought by any student at a college or university where the Fraternity maintains an active chapter. The Government acknowledges that the Phi Delta Theta Educational Fund is a corporation organized "exclusively for religious, charitable, scientific, literary, or education purposes." It also concedes that the residue of the estate of the testatrix will, in fact, be applied exclusively to these purposes pursuant to the award of the Orphans' Court. The Government

contends, however, that the terms of the Will of the testatrix and not the subsequent award of the Orphans' Court must govern whether the bequest of the residue gives rise to a charitable deduction under Section 2055 of the Internal Revenue Code. The Court agrees.

Pursuant to Section 2055(a) (3) of the Internal Revenue Code of 1954, there may be deducted from the value of the gross estate the amount of all bequests "to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used \* \* \* exclusively for \* \* \* charitable, \* \* \* or educational purposes \* \* \*." As interpreted, the provision requires that the limitation of the bequest to a charitable use must be found within the terms of the Will itself. Delaney v. Gardner, 204 F.2d 855, 860 (1st Cir. 1953); Burdick v. Commissioner of Internal Revenue, 117 F.2d 972, 974 (2d Cir.1941); Levey v. Smith, 103 F.2d 643, 646 (7th Cir.1939); Mississippi Valley Trust Co. v. Commissioner of Internal Revenue, 72 F.2d 197, 199 (8th Cir.1934).

In Levey v. Smith, *supra,* the testator provided that, upon the death of his wife, certain securities were to be paid to four legatees of which one was a fraternal order operating under a lodge system. The will did not specify that the fraternal order was to use the bequest for any particular purpose. However, it was testified that prior bequests to the fraternal order customarily were used by it only for fraternal purposes which were charitable and that the bequest in question would, in fact, only be used for such a purpose. Denying a charitable deduction to the estate based upon the bequest to the fraternal order, the Court stated:

"The right to a deduction depends upon what a testator has willed respecting the use of a legacy and not

upon the use which a legatee is willing to make of it." 103 F.2d at 646.

In discussing the certainty with which a testator must specify the charitable purpose of his bequest in order to qualify for a deduction under Section 2055, the Court stated:

"The facts must be such that the failure of the legatee to use the gift for educational, religious or charitable purposes will constitute a breach of a legal duty created by the act of acceptance of the trust res under conditions imposed by the testator." 103 F.2d at 647.

In the instant case, it is clear that the testatrix did not specify that a charitable use was to be made of the bequest in Paragraph 4 of her Will. She stated clearly and distinctly that the bequest was to be used to finance the initiation fees and dues of needy members of Phi Delta Theta Fraternity. This is not a charitable or educational purpose within the meaning of Section 2055. Had the trust been applied to this original non-qualifying purpose, no breach of the legal duty imposed upon the trustees by acceptance of the trust res would have resulted. The subsequent Order of the Orphans' Court, putting the bequest of the testatrix to a charitable use, no more qualified the bequest as deductible than would have the act of a legatee in applying to a charitable use a bequest which he was not beholden to so apply under the terms of the instrument conveying the bequest.

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law consistent with the provisions of Rule 52(a) of the Federal Rules of Civil Procedure. An appropriate order is entered.

## ORDER

Now, this 28th day of December 1970, it is ordered that judgment be and the same is hereby entered in favor of the defendant and against the plaintiff.