**Julius PARIS, Executor of the Estate of Yetta B. Weinstein, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. C 73–422.**

United States District Court, N. D. Ohio, E. D.

May 22, 1974.

Bennet Kleinman, Cleveland, Ohio, for plaintiff.

Frederick M. Coleman, U. S. Atty., J. Edward Friedland, Asst. U. S. Atty., Cleveland, Ohio, John A. Flanagan, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM, OPINION and ORDER

KRUPANSKY, District Judge.

This is an action brought by the executor of the estate of Yetta B. Weinstein to recover federal estate taxes in the amount of $6,900.00 which plaintiff alleges were overpaid pursuant to an erroneous decision of the Commissioner of Internal Revenue disallowing a claimed $25,000.00 charitable deduction from the deceased's gross estate. Jurisdiction is conferred by 28 U.S.C. § 1346(a)(1).

All pertinent facts have been stipulated by the parties, and the matter has been submitted to the Court for its determination.

On the basis of the stipulations, the Court finds:

1. Yetta B. Weinstein died testate on October 8, 1967;

2. Plaintiff herein was duly appointed executor of the deceased's estate on November 2, 1967, and continues to serve in that capacity;

3. Item II of the deceased's will provides:

ITEM II: I allocate herewith the sum of $25,000.00 for a memorial to be erected in Israel, as soon as feasible, for and in the name of my grandparents of blessed memory, Reb Meir Issachar and Itta Warshawsky; my parents of blessed memory, Shalom and Hassla Baron, and their children: Rena Baron, Albert H. Baron, Harry H. Baron and Nathan S. Baron, said memorial to be identified as my gift. I further ask that my son-in-law, Israel I. Taslitt, assume the implementation of the memorial project to the best of his judgment, and that he do this in conjunction with my attorney in Israel, Baruch M. Zeiger. If my son-in-law, Israel I. Taslitt, be not living or unable, then the implementation is to be carried out, in accordance with the conditions above specified, by my children then living, also in conjunction with Attorney Zeiger.

4. Plaintiff deducted the amount set forth in Item II, quoted above, as a charitable contribution in the Federal Estate Tax Return filed on January 8, 1969;

5. The Commissioner of Internal Revenue disallowed the $25,000.00 deduction as a charitable contribution and timely assessed a deficiency which, together with interest thereon, was paid prior to March 30, 1972;

6. On March 30, 1972, plaintiff filed a claim for refund of estate taxes with the District Director of Internal Revenue, Cleveland, Ohio;

7. On February 21, 1973, the District Director advised plaintiff that the portion of the refund claim relating to the alleged $25,000.00 charitable contribution was being disallowed in its entirety;

8. Plaintiff wrote a letter to The Jewish Community Federation of Cleveland on April 23, 1973, conveying an irrevocable gift in the amount of $25,000.00 on deposit in the Kupat Am Bank Ltd., Tel Aviv, Israel, from the estate of Yetta B. Weinstein to be used to establish an endowment scholarship fund for Jewish students residing in the Greater Cleveland area and in the State of Israel.

The sole issue before the Court is whether or not Item II of the deceased's will created a deductible charitable contribution within the meaning and scope of Section 2055 of the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 2055, which provides in pertinent part:

§ 2055. Transfers for public, charitable, and religious uses

(a) *In general.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of

the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

(1) to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office;

(3) to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no substantial part of the activities of such trustee or trustees, or of such fraternal society, order, or association, is carrying on propaganda, or otherwise attempting, to influence legislation, and such trustee or trustees, or such fraternal society, order, or association, does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office; . . .

■ To qualify as a deductible contribution, the bequest must be provided for by the testator alone, be definite in ascertainment, and legally enforceable. *See,* Mississippi Valley Trust Co. v. Commissioner of Int. Rev., 72 F.2d 197, 199 (8th Cir. 1934), cert. denied, 293 U. S. 604, 55 S.Ct. 119, 79 L.Ed. 695 (1934); *see also,* Levey v. Smith, 103 F.2d 643, 646–647 (7th Cir. 1939), cert. denied, 308 U.S. 578, 60 S.Ct. 94, 84 L. Ed. 484 (1939).

■ Extrinsic evidence is admissible to show charitable intent, " . . . [b]ut such evidence to be material *must relate to words or acts of the testator and must tend to disclose the purpose of the testator in using the testamentary language."* Levey v. Smith, *supra,* 103 F.2d at 648 (emphasis supplied). *See also,* Hight v. United States, 256 F.2d 795 (2nd Cir. 1958); St. Louis Union Trust Co. v. Burnet, 59 F.2d 922, 927 (8th Cir. 1932); Markle et al. v. Commissioner of Int. Rev., 28 B.T.A. 201, 205 (1933).

In Estate of Taylor v. Commissioner of Int. Rev., 40 B.T.A. 375 (1939), the United States Board of Tax Appeals, construing a will provision very similar to the provision presently in issue found:

There is nothing in the will which restricts the trustees in their use of the bequest as to the nature, kind or type of "memorial" which they are to establish for either the decedent's parents or her husband. The word "memorial" does not itself connote any limitation within the language of the statute. It means only something to perpetuate a memory. Conceivably and reasonably a memorial might have

been adequately and satisfactorily established without any religious, charitable, scientific, literary, or educational purpose. It happens that the trustees, in their discretion, contributed the legacies to a religious organization; but this was not by virtue of any limiting mandate of the will. Mississippi Valley Trust Co. v. Commissioner [of Internal Revenue], 72 Fed. (2d) 197, affirming 28 B.T.A. 387; certiorari denied, 293 U.S. 604 [55 S.Ct. 119, 79 L.Ed. 695]; rehearing denied, 293 U.S. 631 [55 S.Ct. 147, 79 L.Ed. 717].

■ Applying the foregoing law to the present case, the Court finds, as did the United States Board of Tax Appeals in *Taylor, supra*, that the will provision does not restrict the use of the bequest to religious, charitable, literary, scientific, or educational purposes, and that the subsequent action of the executor "was not by virtue of any limiting mandate of the will." *Taylor, supra*; c. f. Kaplun v. United States, 303 F.Supp. 733 (S.D.N.Y.1969), aff'd, 436 F.2d 799 (2nd Cir. 1971).

As the United States Court of Appeals for the Sixth Circuit recently stated:

. . . The purpose of allowing charitable deductions is to encourage testators to make charitable bequests, not to permit executors and beneficiaries to rewrite a will so as to achieve tax savings. Y.M.C.A. v. Davis, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558 (1924). Underwood v. United States, 407 F.2d 608, 610 (6th Cir. 1969).

The foregoing shall constitute the Court's findings of fact and conclusions of law consistent with Rule 52(a), Fed. R.Civ.P. An appropriate Order is entered.

### ORDER

Now, this 20th day of May, 1974, it is Ordered that Judgment be, and the same is, hereby entered in favor of the defendant, and against the plaintiff.

It is so ordered.